## JOHN C. CORBUS *et al.*

*v.*

## JOHN S. TEED.

1. SPECIFIC PERFORMANCE—*tender of deed, whether to purchaser or his assignee.* Where the purchaser of land assigns his contract for a deed before payment, and the assignee neglects to make the payments, a tender of a conveyance preliminary to the filing of a bill for specific performance by the vendor, is properly made to the original purchaser.

2. SAME—*in case of assignment by purchaser.* In case the purchaser of land assigns his contract to a third party, the assignee will have the right or option of completing the contract, and thereupon to insist upon a conveyance to himself; but the vendor can not compel him to perform, even

though the assignee may have paid something on the contract, for the reason that there is no contract between them. The vendor, in such a case, must enforce the contract against the original vendee.

3. CHANCERY—*presumption as to sufficiency of proof.* Where the court, in its decree in a suit in equity, finds that a deed was properly executed and tendered, and the certificate of evidence does not purport to contain all the evidence, it will be presumed that the court heard proof sufficient to justify the finding, although it does not appear in the record.

4. TENDER—*formal objections waived.* Where a deed is tendered of land sold, in pursuance of the contract, which is refused generally, it will be too late to object to the tender, on bill for specific performance, that the deed was executed by an attorney in fact of the vendor, and no power of attorney was shown, as it is an objection that could have been readily removed if made at the time.

5. CHANCERY PRACTICE—*taking answer as true.* The statute which provides that the defendant's answer shall be taken as true on hearing upon bill and answer, without replication, applies only to cases where a hearing is formally set or ordered on bill and answer. It does not apply to a hearing upon bill, answer and proofs, without any formal order for the same.

6. Where parties to a chancery suit willingly go into trial without the issues being made up by the filing of a replication, and the cause is heard upon evidence, they will be considered as having waived the formality of such an issue, and the answer will have no greater effect as evidence than if a replication had been filed.

7. SPECIFIC PERFORMANCE—*proper decree on bill by vendor.* On bill by the vendor of land for specific performance, there is no valid objection to a decree in favor of the vendor, which makes the clerk of the court custodian of the deed tendered by the complainant, to be delivered to the vendee on payment of the purchase money found to be due. The vendor is not bound to part with his title until the money is paid to him, or until the time of redemption has expired, in case of a sale of the vendee's interest.

8. SAME—*decree awarding execution.* A decree in favor of the vendor of land, on bill by him for specific performance of the contract of purchase, finding the sum due the vendor, and ordering the sale of the bargained premises, and awarding the vendor an execution for any unsatisfied balance of the purchase money that may remain after the sale, is proper.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. ELDRIDGE & LEWIS, for the appellants.

Messrs. BUSHNELL & BULL, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the LaSalle circuit court, by John S. Teed against John C. Corbus and James Hastings, to enforce the specific performance of a written agreement, entered into by complainant with defendant Corbus, and to which, it is alleged, his co-defendant, Hastings, has some claim, by assignment or otherwise.

The defendants filed their answer, and the cause went to a hearing, and testimony was heard, and a decree passed in favor of complainant—to reverse which defendants appeal, and make several points, which will be noticed.

The first point made by appellants is, that the contract set out in the bill of complaint was executed in duplicate, and that he, Corbus, over his hand and seal, executed, upon the back of the duplicate held by him, an assignment of the contract to Hastings, of which complainant had notice, and received payment upon the contract from Hastings as such assignee, which complainant indorsed upon the contract and appropriated to his own use, and which he never offered to refund to Hastings, but, in violation of his contract, executed and tendered such deed to him, Corbus. In this connection appellant Corbus questions the proper execution of the deed so tendered.

We do not suppose it was incumbent on complainant to take the hazard of the validity of the alleged assignment of the contract to Hastings. Had Hastings offered to pay the money stipulated by the contract to be paid, and produced the assignment, complainant would have been justified, no doubt, in executing the conveyance to him and taking up the contract for cancellation. But Hastings has done no such thing, nor has he offered to do so, and complainant had a clear right to hold Corbus, the party with whom he contracted, to the contract, and tender the deed to him in fulfillment of the contract. As this court said in *Comstock* v. *Hitt*, 37 Ill. 542,

208                    CORBUS *et al. v.* TEED.          [Sept. T.

Opinion of the Court.

it was optional with Hastings to perform or not—complainant could not compel him to perform. Should he file a bill for such purpose, the answer would be, that he had made no contract with complainant. Hastings, by the assignment, had right to pay the money and demand a deed. In such case a court of equity would, undoubtedly, compel a conveyance, if the transaction was *bona fide*. The offer of the deed to Corbus was according to the contract.

As to the proper execution of the deed tendered, it appears to have been executed by the wife of complainant, as his attorney in fact. It is complained there was no evidence of the authority so to act. The certificate of evidence does not purport to contain all the evidence. The court finds the deed was properly executed and tendered, and we must presume there was evidence which the court deemed sufficient to justify its finding. It does not appear, when the deed was tendered to Corbus he made any objection of this kind. Had that been the objection to receiving the deed, it could have been readily removed, by complainant executing one in his own name. There is no objection the deed does not fulfill the covenants in the contract, nor does it appear when the deed was tendered, Corbus declined it for the reason he had assigned the contract to Hastings.

The answer also alleges, that, after the execution of the contract, and after Corbus had assigned to Hastings, complainant executed a mortgage on the premises to one Gilman, to secure the sum of six hundred dollars, which was unpaid, and was a subsisting lien.

There is no proof whatever of the existence of any such mortgage lien or any other incumbrance on the premises; but appellants insist, as no replication was put in to the answer, the answer must be taken as true, and on this principle, the existence of the mortgage is established as an admission by complainant.

Section 32, of chapter 21, title "Chancery," provides, after replication is filed, the cause shall be deemed at issue, and

stand for hearing at the next term ; or, in default of filing such replication, the cause may be set for hearing upon the bill and answer—in which case the answer shall be taken as true, and no evidence shall be received unless it be matter of record to which the answer refers.

The record does not show this cause was set for hearing on the bill and answer, but it was heard without having been set for hearing, formally, on bill, answer, and proofs offered by both parties. In such case, this court has uniformly held that filing a replication was waived. The cause was tried by the court on evidence heard in open court, the parties willingly going into the trial on the understanding the issues were made up in due form. If so, then no advantage can be taken of the absence of a replication, but the facts alleged in the answer must be proved as in other cases. The cause was tried in form, evidence on both sides heard, which can not be, under the section cited, if the cause was heard on bill and answer. This court has often held, that parties going to trial willingly, without formal issues made up, will be considered as having waived the required formality to make up an issue. *Webb* v. *Alton Ins. Co.* 5 Gilm. 223 ; *Armstrong* v. *Mock,* 17 Ill. 166 ; *Beesley* v. *Hamilton,* 50 ib. 88, which cases are referred to in *Strohm* v. *Hayes,* decided at the present term, where this point was made. There is, then, no proof of this or any other incumbrance on these premises.

We do not perceive that complainant has been unmindful of his obligation under the contract. He tendered a deed, with fuller covenants than he had entered into, properly executed, and free from objection. It was then Corbus' duty to pay the money. *Headley* v. *Shaw,* 39 Ill. 354. As to Hastings, if he was a *bona fide* assignee of the contract, he could have filed a cross-bill, tendered the money due, and had a decree in his favor.

We see no objection to the specific clauses of the decree suggested by appellants. The clerk was a proper custodian of the deed, with power to deliver it on payment of the pur-

14—69TH ILL.

chase money. Complainant was not bound to divest himself of the title, until the money was paid to him, or until the time of redemption expired. If the premises sold for a small fraction of the amount due, and there was a redemption by either of the defendants, they would become the owners, and the complainant deprived of his money. Equal and exact justice required this security should remain to appellee.

The objection to that part of the decree which awards an execution against Corbus, for any unsatisfied balance of the purchase money that may remain after the sale, is in conformity with the ruling in *Burger* v. *Potter*, 32 Ill. 66.

We perceive no error in the record, and must affirm the decree.

*Decree affirmed.*