ANGALA IMMING, Executrix, etc.,

v.

HENRY FIEDLER.

1. SURETY—NOTICE TO SUE PRINCIPAL—CAUSE OF ACTION MUST HAVE ACCRUED.—Where a surety seeks to be released from his contract by giving notice under the statute to sue the principal, a cause of action must have accrued against such principal before such notice will avail the surety.

2. NOTICE TO SUE.—Notice, under the statute, by a surety, must be made in writing, and after a cause of action has accrued.

3. RELEASE.—An agreement by the holder of a note with the principal maker, that if the latter would make a mortgage he would release the surety, no consideration therefor being paid by the surety, and the mortgage never in fact being made, will not operate to release the surety.

ERROR to the Circuit Court of Calhoun county; the Hon. A. G. BURR, Judge, presiding. Opinion filed April 7, 1881.

Messrs. AUGUST & KEATING and Messrs. BROWN, KIRBY & RUSSELL, for plaintiff in error.

Mr. F. M. GREATHOUSE, for defendant in error.

CASEY, J. This is a suit brought by the plaintiff in error, in the Circuit Court of Calhoun county, as executrix of Herman Imming, deceased, against defendant in error. The cause of action is a promissory note given by defendant and one Grassman, now dead, to plaintiff's testator, for the sum of $200, bearing date August 26th, 1875, and payable two years after date with interest at the rate of ten per cent. per annum from date. At the April term of the Calhoun Circuit Court, A. D. 1880, a trial was had, the cause being submitted to a jury, and resulted in a judgment for the defendant. To the declaration the defendant pleaded four pleas—first, *non assumpsit;* second *non est factum,* third, that he was surety, and notice to sue under the statute, and fourth, a release, etc. To the plea of *non est factum* the plaintiff interposed a demurrer, and the demurrer was sustained by the court. To the third plea the plaintiff replied that the defendant did not in writing notify her testator

Imming v. Fiedler.

to sue after the cause of action accrued. To the fourth plea the plaintiff replied that her testator did not release the defendant, etc. Issue was joined on these replications, and a trial resulting as already stated. The plaintiff in error entered a motion for a new trial, which was by the court refused.

Proper exceptions to the ruling of the circuit court were entered and the cause is brought to this court by a writ of error. The errors assigned are:

1st. The court erred in refusing instruction No. 3 of plaintiff in error.

2nd. The court erred in giving instruction No. 1 for defendant in error.

3rd. The court erred in overruling motion for a new trial.

4th. The court erred in rendering judgment for defendant in error.

The third instruction offered on the part of the plaintiff and refused by the court is as follows:

" The court instructs the jury for the plaintiff, that before a security can get released as such security by giving notice as the law directs, an action must have accrued, and an action in this case could only accrue when the note in controversy was due, and therefore, even if the jury believes that said notice was given, but said note not being due then, they will disregard such notice in making up their verdict."

Underwood's Statutes of 1878, section one, chapter 132, page 1294, provides substantially as follows : That when any person bound as surety for the payment of money * * * apprehends that his principal is likely to become insolvent, etc., * * * *, if a right of action has accrued on the contract he may by writing require the creditor forthwith to sue upon the same, etc.

By this plea the defendant had averred that he was a surety on the note in litigation and had given notice to plaintiff to sue, etc.

The instruction thereby became material and contained the law as declared by the statute. ,

No right of action accrued until the note became due. The notice to sue must be when the cause of action accrued, and must be in writing.

By his plea the defendant assumed the burden of proof upon that proposition, and he was required to maintain the averments in the plea by a preponderance of the testimony. Vallars v. Palmer et al. 69 Ill. 205.

The first instruction given by the court on behalf of the defendant is as follows :

"The court instructs the jury for the defendant Fiedler, that if they believe from a preponderance of the evidence in this case that Herman Imming in his life-time, for a valuable consideration, released said Fiedler from the payment of said note, then you will find for the defendant." As a legal proposition this instruction correctly states the law. The objection is that it is not based on the evidence.

The evidence shows that there was some conversation between the parties in regard to the release of Fiedler. One witness the wife of Grassman, the principal on the note, states that the release was upon the condition that her husband and herself would make and deliver to Imming a mortgage, etc.. but that they did not execute the mortgage or offer to do so,

Another witness stated that Imming said he would fix it up, etc., and this was all the testimony upon the subject. At most, they were mere idle statements, made by Imming without any consideration paid by Fiedler, or any one else. They did not amount to a release of the surety, nor did they tend to prove a release. We have carefully examined the record, and are unable to find any evidence going to show that Imming, for a valuable consideration, released Fiedler, or that he intended or was required to do so. It would be a perversion of language to say that he was.

Instructions must be based on the evidence. I need not refer to authorities on that proposition. It is possible, and we think very probable, that the jury was mislead by this instruction. The evidence shows that Grassman, the principal on the note, died on the 13th day of January, A. D. 1877. The note was probated against his estate. That nothing was paid on the note, and that the estate was entirely insolvent. That there was no property belonging to his estate in the hands of his administratrix.

The testimony fails, as I have stated, to show any notice to sue, given to plaintiff's testator by the defendant after the maturity of the note, or at any other time; and there is no evidence showing a release, or an agreement to release defendant for a valuable consideration or for any consideration. The court erred in giving the first instruction asked for by the defendant, and in refusing to give the third instruction asked for by the plaintiff in error.

For these reasons the judgment of the circuit court is reversed and the cause remanded.