## WINTERS *v.* ETHELL.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

No. 96.   Argued and submitted November 12, 1889. — Decided November 25, 1889.

A complaint in a suit in a District Court in Idaho Territory prayed for an injunction restraining the defendant from interfering with the possession of a mining claim which the plaintiff had, by a written agreement, licensed the defendant to work, for a compensation, the agreement also containing a provision for the conveyance of the claim to the defendant, on certain terms.   The complaint also prayed for an accounting concerning all ore taken from the mine by the defendant, and the payment to the plaintiff of the amount due to the plaintiff under the agreement.   The defendant filed a cross-complaint praying for a specific performance by the plaintiff of the contract to convey.   The District Court, by one judgment, granted to the plaintiff the injunction asked, and ordered an accounting before a referee, and dismissed the cross complaint.   On appeal by the defendant the judgment was affirmed by the Supreme Court of the Territory, and the defendant appealed to this court : *Held,*

(1) The judgment was not final or appealable;

(2) It made no difference that the judgment dismissed the cross complaint.

(3) The right of the defendant to appeal from the judgment, so far as the cross complaint is concerned, will be preserved; and time will run against him, as to all parts of the present judgment of the District Court only from the time of the entry of a final judgment after a hearing under the accounting.

THE case is stated in the opinion.

*Mr. M. Kirkpatrick,* for appellants, submitted on his brief.

*Mr. Samuel Shellabarger* (with whom was *Mr. Jeremiah M. Wilson* on the brief) for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit brought in the District Court of the Second Judicial District of Idaho Territory, in and for the county of Alturas, by George F. Settle and Jacob Reeser against John B. Winters, Frank Ganahl and John Winkelbach.

The complaint alleges that the plaintiffs, being the owners of a mining property, licensed the defendants to work it on the terms and conditions expressed in a written agreement and a supplemental agreement, for a definite period; that, under the agreement the defendants were to work the mine during that period at their own expense, keep the property free from liens, and pay to the plaintiffs, as a consideration, one-half of the gross proceeds from the mine; that, if the defendants should pay to the plaintiffs, on or before November 27, 1883, the termination of the said period, out of the proceeds of the mine, or otherwise, $40,000, the plaintiffs should convey the property to the defendants; that, in the event of such payment by the defendants to the plaintiffs within the time specified, any and all sums theretofore received by the plaintiffs from the defendants as consideration for the use and working of the mine should be credited upon and deducted from the $40,000; that, if the defendants should fail to comply with any of their agreements, or should not, on or before the day named, pay the $40,000 to the plaintiffs, they should forfeit all rights under the agreement, and no longer work the property; that the defendants proceeded to work the mine, and continued, during the period mentioned, to extract large quantities of gold and silver ore from it; that, on the 24th of November, 1883, the agreement was extended, in writing, to December 27, 1883; that the defendants had paid to the plaintiffs only $21,000 out of the $40,000, which sum was realized out of the working of the mine, and was not in excess of the one-half of its gross proceeds; that the defendants were continuing to work the mine, and were insolvent, and, during the thirty days' extension of time, had extracted and removed large quantities of ore, for which they had failed to account to the plaintiffs; and that the defendants threatened to continue to extract the ore.

The prayer of the complaint is for an injunction restraining the defendants during the pendency of the suit, and also by a final order on the hearing, from entering upon or interfering with the possession of the property, or from extracting or removing from the mine any rock or ore, and for an accounting

by the defendants with the plaintiffs concerning all rock or ore taken from the mine by the defendants, and for the payment by them to the plaintiffs of a moiety thereof; and that the amount found to be due to the plaintiffs upon such account be decreed to be a lien upon all rock or ore remaining in the hands of the defendants.

After a demurrer to the complaint had been overruled, the defendants put in an answer to it. They also filed a cross-complaint, praying that the plaintiffs might be decreed specifically to execute and perform their contract to convey the property to the defendants, on receiving from them the remainder of the purchase money which might be equitably due therefor, and for an injunction, to be made perpetual on the hearing, restraining the plaintiffs from interfering with the possession by the defendants of the mining claim and the works and openings leading thereto.

This cross-complaint was answered by the plaintiffs, and the case was tried by the court on evidence, oral or documentary, adduced by the respective parties. It made certain findings of fact and conclusions of law, and entered a decree adjudging that the defendants be enjoined perpetually from entering upon or interfering with the possession of the mining claim mentioned in the complaint, and that the plaintiffs were entitled to an accounting with the defendants of and concerning all rock and ore taken from the mine by the defendants during the term mentioned, and not already accounted for, and referring it to a referee to take and state such account. The decree further adjudged that the defendants take nothing by their cross-complaint; that it be dismissed; that they were not entitled to any order restraining the plaintiffs from the enjoyment of the premises, prior to or pending any appeal that might be taken; and that the plaintiffs recover from the defendants their costs.

On an appeal by the defendants to the Supreme Court of the territory from that judgment, it was affirmed. The defendants have brought the case here by appeal, and briefs have been filed by both parties, on the merits. But we are of opinion that the decree was not a final one, and is not appealable.

The judgment of the Supreme Court simply affirmed the judgment of the District Court. As regards the relief sought by the plaintiffs, the latter judgment merely enjoined the defendants, and ordered an accounting by them before a referee concerning the rock and ore taken by them from the mine. The bill prays for such injunction, and for such accounting, and for the payment to the plaintiffs of what shall be found due to them upon such accounting. In this respect, the decree is of the same character with that considered by us in *Keystone Manganese & Iron Co.* v. *Martin*, decided November 11, 1889, *ante*, 91, where the decree was held not to be final or appealable.

Nor does it make any difference that the decree in the present case dismisses the cross-complaint of the defendants. The filing of the cross-complaint was not the institution of a separate suit, but grew out of the original complaint. There was but a single decree, and that was entitled in the original suit. The right of the defendants to appeal from the decree, so far as their cross-complaint is concerned, will be preserved; and time will run against them, as to all parts of the present judgment of the District Court, only from the time of the entry of a final decree after a hearing under the accounting which is to be had. *Ayers* v. *Chicago*, 101 U. S. 184, 187.

*Appeal dismissed.*