[No. 2185]

SOUTHERN PACIFIC COMPANY (A CORPORATION), APPELLANT, *v.* MRS. C. BUTTERFIELD, C. N. MILLER, AND GEORGE F. THOMPSON, RESPONDENTS.

[154 Pac. 932]

1. VENDOR AND PURCHASER—REMEDIES OF VENDOR—LIABILITY OF PURCHASER'S ASSIGNEE.

Where land was sold under contract providing that the agreement should bind the successors, heirs, and assigns of the parties, an assignee of the purchasers, who was not a party to the contract and did not execute, sign, or receive it, was not liable to the vendor for the unpaid balance of the price, since the promise of a purchaser of land to pay therefor cannot be enforced against his assignee, either in an action for specific performance or for damages, in the absence of agreement to that effect by the assignee.

APPEAL from Seventh Judicial Court, Mineral County; *Peter J. Somers,* Judge.

Action by the Southern Pacific Company against Mrs. C. Butterfield, C. N. Miller, and George F. Thompson. From a judgment for defendants, plaintiff appeals. Judgment as to defendant Thompson affirmed, and reversed as to

the other defendants, pursuant to the order of the court in Case 2186 (see page 169, *ante.*)

*Frank Thunen* and *W. M. Singer,* for Appellant:

The judgment is contrary to the facts as found by the trial court; the court reached an erroneous conclusion as to what judgment should follow the state of facts found. (Rev. Laws, 5342.)

Under our statutes, the contract can by no possibility be construed as a mortgage, and is not subject to the provisions of section 5501, Revised Laws. (*Hyman* v. *Kelly,* 1 Nev. 179.)

Under the agreement, the remedy is not a foreclosure as the term is understood with relation to statutory mortgages, nor for a breach is either the vendor or the vendee limited to a single remedy. (*Glock* v. *Howard,* 123 Cal. 1; *Longmaid* v. *Coulter,* 123 Cal. 208.)

Appellant, though a creditor, is not a mortgagee. It holds the title. (*National Bank* v. *Kreig,* 21 Nev. 404, 408; *Orr* v. *Ulyatt,* 23 Nev. 134; 27 Cyc. 961; Pomeroy's Eq. Jur., vol. 6, sec. 747.)

The assignee of the contract is bound by its terms. (9 Cyc. 387; *Cheney* v. *Bilby,* 74 Fed. 52; *Johnson* v. *Eklund,* 72 Minn. 195, 75 N. W. 14; *McPheters* v. *Ronning,* 95 Minn. 164, 103 N. W. 889; *Wagner* v. *Cheney,* 16 Neb. 202, 20 N. W. 222; *Grigg* v. *Landis,* 21 N. J. Eq. 494; *Cranston* v. *Wheeler,* 37 Hun, 63.)

*John R. Melrose* and *Mack & Green,* for Respondents:

No action can be maintained for the recovery of the debt secured by a mortgage other than a suit in foreclosure. (*Hyman* v. *Kelly,* 1 Nev. 180; *Bartlett* v. *Cottle,* 63 Cal. 366; *Biddle* v. *Brizzolara,* 64 Cal. 354; *Porter* v. *Muller,* 65 Cal. 512, 4 Pac. 531; *Brown* v. *Willis,* 67 Cal. 235, 7 Pac. 682; *Barbieri* v. *Ramelli,* 84 Cal. 154, 23 Pac. 1086; *Hibernia S. & L. Soc.* v. *Thornton,* 109 Cal. 427, 50 Am. St. 52; *McKean* v. *German A. S. Bank,* 118 Cal. 334, 50 Pac. 656; *Commercial Bank* v. *Kershner,* 120 Cal. 495, 52 Pac. 848; *Crisman* v. *Letterman,* 149 Cal. 647, 87 Pac. 89;

*Windt* v. *Covert*, 152 Cal. 350, 93 Pac. 67; *Winters* v. *Hub Mining Co.*, 57 Fed. 287.)

The mortgagee is bound to exhaust his security afforded by the mortgage by a foreclosure suit before he can exercise any other remedy or obtain a personal judgment for any deficiency. (*Weil* v. *Howard*, 4 Nev. 384; *Gnarini* v. *Swiss A. Bank*, 162 Cal. 181, 121 Pac. 726; *Barbieri* v. *Ramelli*, 84 Cal. 154, 23 Pac. 1086; *Salt Lake L. & T. Co.* v. *Millspaugh*, 18 Utah, 283, 54 Pac. 893; Wiltsie on Mortgage Foreclosure, 3d ed. 1913, sec. 11.)

Generally speaking, whenever a transaction resolves itself into a security for a debt, it is a mortgage. (Words and Phrases, vol. 5, p. 4559; Elliott on Contracts, vol. 5, secs. 4606, 4607, 4650, 4660.)

Where a vendor enters into an agreement to sell real estate on credit and retains the legal title as security for the payment of the purchase price, the transaction is in effect a mortgage. (*Smith* v. *Robinson*, 13 Ark. 533; *Strauss* v. *White*, 66 Ark. 167, 51 S. W. 64; *Holman* v. *Patterson*, 29 Ark. 357; *McConnell* v. *Beattie*, 34 Ark. 113; *Lewis* v. *Boskins*, 27 Ark. 61; *Moore* v. *Anders*, 14 Ark. 628, 60 Am. Dec. 551; *Shall* v. *Biscoe*, 18 Ark. 142; *Tanner* v. *Hicks*, 4 Sm. & M. Miss. 294; *Paine* v. *McDowell*, 71 Vt. 28, 41 Atl. 1042; *Merritt* v. *Judd*, 14 Cal. 60.)

Not having tendered a deed, in no event could appellant be entitled to a decree of specific performance of the contract. (Elliott on Contracts, vol. 3, p. 511, sec. 2333; 39 Cyc. 1307, 1537; 26 Am. & Eng. Ency. Law, 113; 29 Am. & Eng. Ency. Law, 686, 690.)

The assignee is not liable under the contract. A third person is not liable, as a rule, on a contract, express or implied, unless he was one of the immediate parties to the agreement or has become a party to it by subsequent agreement with the original parties. (9 Cyc. 386; Elliott on Contracts, vol. 2, secs. 1408, 1409, 1439.)

By the Court, MCCARRAN, J.:

The questions involved in this case are determined by the decision of this court in case No. 2186, to wit,

*Southern Pacific Co., a Corporation,* v. *C. N. Miller, George F. Thompson, and A. E. Bettles,* 39 Nev. 169, 154 Pac. 929, except in so far as the liability of respondent Thompson is concerned.

The contract involved in this case was one between appellant and respondents Butterfield and Miller for the sale and· purchase of land. Stipulated payments were agreed upon, and time was made for the essence of the contract. The legal title was retained in the vendor, appellant herein. The right of occupancy and possession was by the terms of the contract accorded to the vendee.

It is alleged in appellant's amended complaint:

"That on December 13, 1907, defendant Mrs. C. Butterfield executed and delivered unto defendant George F. Thompson a conveyance transferring to said defendant Thompson the undivided one-half of the property rights and obligations of said Mrs. C. Butterfield under the contract above mentioned."

In the determination of the case the trial court found:

"That said defendant George F. Thompson was not a party to and did not execute, sign, or receive the said contract and agreement at the time of the execution thereof; that subsequent to the execution and delivery of said contract the said defendant Mrs. C. Butterfield made, executed and delivered to said defendant George F. Thompson her certain deed of conveyance conveying to said George F. Thompson all her right, title, and interest in and to the said lands and premises."

It is the contention of appellant that, inasmuch as the contract between appellant and respondents Butterfield and Miller provides that "this agreement shall bind the successors, heirs, and assigns of the parties hereto," respondent Thompson, being the assignee of one of the vendees under the contract, is by reason of the above-quoted provision responsible for the obligations created by the contract.

In the trial court, as well as in this court, the appellant took the position that the respondent Thompson's

liability grew out of his being the assignee of one of the vendees, under the contract. The complaint charges a conveyance from the vendee Butterfield to the respondent Thompson, transferring an undivided one-half of the property rights and obligations of the vendee. Let us assume, without determining, that this allegation was sufficient to charge Thompson with being the assignee of the vendee Butterfield. The law, we think, is well settled that the promise of a vendee of land to pay purchase money cannot be enforced against his assignee, either in an action for specific performance or in an action for damages, unless there is an agreement to that effect on the part of the assignee. The fact that a contract or agreement contains a provision, as in the case at bar, "binding the successors, heirs, and assigns of the parties hereto," is not of itself, as a general rule, sufficient to impose personal liability upon the assignee, unless by specific agreement to that effect or by an agreed substitution of the assignee for the vendee. (*Hugel* v. *Habel,* 132 App. Div. 327, 117 N. Y. Supp. 78.)

In the case of *Lisenby* v. *Newton,* 120 Cal. 571, 52 Pac. 813, 65 Am. St. Rep. 203, the matter under consideration was similar to that at bar, and the court held to the effect that an assignee of a contract for the purchase of land is not personally liable for the unpaid purchase price, and this, too, even though the contract of sale and purchase specifies that its provisions shall apply to and bind the heirs, executors, administrators, and assigns of the respective parties. The doctrine enunciated in that case was made in the light of the rule that a covenant of this kind made by a vendee is personal, and hence an assignee cannot be charged with its performance.

In the case of *Corbus et al.* v. *Teed,* 69 Ill. 205, the court held that the vendor of land under a contract assigned by the vendee must make tender of conveyance to the original purchaser. There being a lack of privity between the vendor and the assignee in the making or in the assignment of such a contract, it was

held that the former could not compel the latter to perform, even though the assignee had, after the taking of the assignment, carried out the provisions of the contract by making a payment thereon.

The holding of the Supreme Court of Michigan in the recent case of *Midland Savings Bank* v. *Prouty Co.,* 158 Mich. 656, 123 N. W. 549, 133 Am. St. Rep. 401, is to the same effect.

The Supreme Court of Georgia, in the case of *Couch* v. *Crane,* 142 Ga. 22, 82 S. E. 459, we think very properly held that an assignee of a vendee cannot be held liable to the vendor unless by agreed assumption of the vendee's obligations.

In the case of *Bimrose* v. *Matthews et al.,* 78 Wash. 32, 138 Pac. 319, the Supreme Court of Washington held that, in the absence of express agreement, the covenants of a purchaser of land to take title or pay the purchase money cannot be enforced against his assignee in the absence of an express agreement binding him so to do, and the court there had under consideration a case in which the contract of sale provided that the covenants therein contained should bind the assigns of the parties.

It is correctly stated by a recent and very reliable compilation that:

An assignment "cannot shift the assignor's liability to the assignee, because it is a well-established rule that a party to a contract cannot relieve himself of his obligations by assigning the contract. Neither does it have the effect of creating a new liability on the part of the assignee, to the other party to the contract assigned, because the assignment does not bring them together, and consequently there cannot be a meeting of the minds essential to the formation of a contract." (R. C. L. vol. 2, p. 626.)

There is an absence of the essential element of privity between the appellant company, as vendor under the contract, and the respondent Thompson, even assuming that the latter was the assignee of the vendee.

The judgment of the lower court as to the respondent Thompson is affirmed. As to the respondents Butterfield and Miller, the judgment of the lower court is reversed, pursuant to the order of this court in case No. 2186.

It is so ordered.