<hr />

ADRON, Respondent, v. EVANS, Appellant.

(217 N. W. 397.)

(File No. 6213. Opinion filed December 31, 1927.)

*Krause & Krause* and *Erwin P. Van Buren,* both of Dell Rapids, for Appellant.

*Rice & Rice,* of Flandreau, for Respondent.

BROWN, J.   On July 1, 1919, Verne Beebe entered into a contract with the defendant Nick Evans to sell the northeast quarter, and the northeast quarter of the northwest quarter and the east half of the northwest quarter of the northwest quarter of section 36, township 107, range 48, representing that he was the owner of the land.

The contract provided that if Evans should make the payments and perform the covenants on his part, Beebe would convey to him by warranty deed the premises above described.   The payments provided for were $3,000 at the time of the execution of the contract, which was paid, and $12,900 on March 1, 1920, and $31,250 on March 1, 1930, with interest at 5½ per cent, payable annually.   It further provided that Evans should pay all taxes upon the land subsequent to 1919.   The contract further provided that failure to pay the interest when due should cause the whole to become due and payable, and that the contract, at the option of

Beebe, might be forfeited and determined. Evans took possession of the land by tenant pursuant to the contract.

On March 1, 1920, when the payment of $12,900 fell due, Evans and Beebe met at the First National Bank at Flandreau for the purpose of making the payment on that date, and there Beebe informed Evans that he did not own the land, but had a contract for its purchase from H. W. Adron, the plaintiff in this action, who was then present in the bank. Evans, who had had no previous acquaintance with Adron, was there introduced to him, and in the conversation that took place between them about the contract, Beebe said that he owed just the same amount, with the same rate of interest and due at the same time on his contract with Adron, that Evans owed on his contract with Beebe, and Beebe proposed to assign to Evans his contract with Adron in cancellation and discharge of the contract between him and Evans. Evans says that at this point he asked Adron for the description of the land covered by the Beebe-Adron contract, and that Adron replied that it was the northeast quarter of section 36 and the east half of the northwest quarter of the same section. Whereupon defendant accepted the proposition. Evans thereupon gave Beebe a check for $12,900 which was deposited in the bank, and Beebe wrote a check for $7,000 and gave to Adron in payment of the sum due that day in the Adron-Beebe contract.

Jas. T. Bigelow, who was the managing officer of the bank, and had drawn up both contracts, proceeded to typewrite the terms of the assignment, which reads as follows:

"For value received I hereby sell, assign and transfer to Nick Evans of Dell Rapids, South Dakota, all my right, title and interest in and to one certain contract for deed between H. W. Adron and Verne Beebe, dated May 22, 1919, and covering the northeast quarter of section thirty-six (36) and the northeast quarter of the northwest quarter and the east half of the northwest quarter of section thirty-six (36) all in township one hundred and seven (107) north of range forty-eight (48) Moody county, South Dakota, and direct that upon the fulfillment of the terms of the contract by Nick Evans that deed be issued to him for the above described land.

"It being understood that there is now due on said contract the sum of $30,250.00 and interest thereon at five and one-half per cent from March 1, 1920.

"Dated Flandreau, S. D., March 1, 1920.

"[Signed] Verne Beebe.

"I hereby accept the above assignment.

"[Signed] H. W. Adron."

This assignment was read over in the hearing of all parties, was signed by Beebe, and the acceptance written thereon signed by Adron. The assignment was assented to, but not signed, by Evans, and he received a copy of it, but claims that he did not see the Beebe-Adron contract itself, until after March 29, 1923, when his attorneys, Krause & Krause, procured a copy from the First National Bank of Flandreau. The contract thus assigned by Adron to Evans was on the same form as the Beebe-Evans contract, and in substance provides that if Beebe shall make the payments and perform the covenants therein mentioned, Adron will convey to him by warranty deed the premises therein described, the northeast quarter, and the northeast quarter of the northwest quarter and the east half of the northwest quarter of the northwest quarter of section 36, township 107 north, range 48, in Moody county, S. D. It further provides that Beebe agrees to pay the purchase price, $2,000 at the time of the execution of the contract, $7,000 on March 1, 1919, and $31,250 on March 1, 1930, with interest at 5½ per cent per annum from March 1, 1920, payable annually, and to pay all taxes on the land subsequent to the year 1919. The contract also contains a clause that failure to pay interest when due, or to perform any other covenant on the part of Beebe, shall cause the whole price to become due and payable, and the contract may at the option of Adron be forfeited and determined, and all payments made and all improvements placed on the premises by Beebe may be retained by Adron as liquidated damages, and concludes with a provision that all covenants and agreements therein contained shall be obligatory upon the heirs, executors, administrators, and assigns of the respective parties.

Evans paid the taxes on the land for two years after getting this assignment, and also paid Adron interest for two years thereafter, then he defaulted, and this action was brought to recover from Evans the balance of the unpaid purchase price on the Adron-Beebe contract, and to foreclose the rights of Evans under that contract.

The complaint demanded that if the interest of Evans should fail to sell for sufficient to satisfy the balance due under the contract, judgment for a deficiency be given against Evans, and that general execution issue against the property of Evans for the collection of such deficiency.

In his answer Evans alleges that the assignment of the Adron-Beebe contract to him was accepted by him in satisfaction and cancellation of the contract between himself and Beebe, and that it was agreed at the time of the transaction that the Beebe-Evans contract was satisfied and canceled, and that by the terms of the written assignment he did not undertake to pay the sums mentioned in the Adron-Beebe contract.

The case was tried to the court without a jury. Findings of fact and conclusions of law in favor of plaintiff were made and judgment entered against defendant for the amount, $38,527.17, then due under the Adron-Beebe contract, with a decree for the sale of the land and directing the entry of a deficiency judgment against defendant, and issuance of execution against his property, if the land did not sell for a sufficient amount to satisfy the judgment.

It is clear that the assignment of the Adron-Beebe contract does not bind Evans to take the land or make the payments provided in that contract. The assignment contains no promise or agreement on the part of Evans to pay anything. The assignment of a contract for the sale of real estate does not create a personal liability on the part of the assignee without a provision to that effect. The assignee cannot require conveyance of the land to him without payment of the contract price, but he is not personally liable for that price unless he agrees or promises to pay it. Meyer v. Droegemueller, 165 Minn. 245, 206 N. W. 391; Hugel v. Habel, 132 App. Div. 327, 117 N. Y. S. 78; Foley v. Dweyer, 122 Mich. 587, 81 N. W. 569; 27 R. C. L. 567; 5 C. J. 976.

The respondent contends that at the time the assignment was made Evans agreed to pay Adron the purchase price mentioned in the Adron-Beebe contract. Evans denies this. But the agreement, if any, made at that time was oral. No writing of any kind was signed by Evans on that occasion other than the signing of his check in payment of what was due Beebe under the Beebe-Evans contract, and if Evans promised to make the payments according

to the terms of the Adron-Beebe contract, the agreement being for the purchase of real estate, and neither payment of any money or delivery of deed being required by the terms of that contract for a period of about eight years from date of the assignment, the oral promise would be void under the Statute of Frauds (Rev. Code 1919, §§ 855, 856); both as being a contract for the purchase of real estate and a contract which was not to be performed within a year by either party. And this defense is specifically relied on by appellant, and the oral evidence was objected to on this specific ground.

█ Where a written assignment of the contract rights for the purchase of real estate contains no provision by which the assignee assumes liability for the unpaid part of the purchase price, oral evidence that he assumed and agreed to pay it is inadmissible. Osburn v. Dolan, 7 Wash. 62, 34 P. 433.

█ But respondent contends that he holds an assignment of the Beebe-Evans contract and is entitled to recover a personal judgment under that contract. But the testimony of every one present at the time of the assignment of the Adron-Beebe contract to Evans, including the testimony of respondent himself, is quite explicit that at that time it was understood by all of them that the Beebe-Evans contract was canceled.

Respondent testified that he stated to Evans that when the terms of the Adron-Beebe contract were fulfilled he would get a deed to the place. He says:

"I promised him then and there, I would deed to him if he did that" (made the payments specified in the contract) "and Mr. Evans said that would be all right with him and he would take the assignment, and said he would release Mr. Beebe on his contract, and so far as those two were concerned ('Beebe and Evans), they settled their contract in that manner between them and canceled that contract—that was the understanding we had of it that day in the bank."

Beebe testified:

"I then told Evans I had a contract with Adron and that I would assign that contract to him if he would let me out and cancel all my own obligations under the contract of sale I had made with him, and Evans then finally consented to that arrangement; and it was then stated that under that arrangement his dealings would

thereafter be with Adron instead of with me, and Evans said that that was all right—said that being the case he would consent to taking my assignment of the contract mentioned there, and let me out, cancel the contract between me and him. There was nothing more done. Bigelow then typewrote the assignment, Exhibit C, wrote it out as we, Adron and I, wanted it, and as we had all agreed, made three copies of it and then after he had typewritten it he read it aloud to all of us, and we found it satisfactory, and told him so, and I then signed it and Mr. Adron signed a little ways below my signature, and one of the duplicates was delivered to Mr. Evans, and we each got a copy; and that was in fulfillment of the agreement as I have stated it here."

Evans testified in regard to his contract with Beebe:

"I paid in full what was due at that time, and we canceled that contract at that time." That Bigelow drew up the assignment on the typewriter and made three impressions of it. "After he had drawn it up, he read it out loud to us there, and I said it was satisfactory to me, and Beebe and Adron both signed, and Mr. Beebe handed me Exhibit 2 (one of the copies of the assignment), and I accepted it in satisfaction and cancellation of Exhibit B, the contract I had with Verne Beebe."

Bigelow testified that at the time of the transaction he heard some talk between Beebe and Evans in which Beebe told Evans he only had a contract from Adron, and in order to cancel the contract between Evans and Beebe he would make an assignment of that contract to Evans, and thus cancel the Beebe-Evans contract; that there was nothing that he could recall stated as to what Adron should do to Evans or Evans to Adron except the payment of that balance with interest.

At the time of this transaction no assignment of the Beebe-Evans contract was made by Beebe to Adron, but on July 12, 1923, more than three years after this transaction between the parties at the bank, Adron without the knowledge of Evans procured from Beebe an assignment of the Beebe-Evans contract, which reads:

"This agreement, made this 12th day of July, 1923, by and between H. W. Adron and Verne Beebe, witnesseth: That whereas on the 22d day of May, 1919, there was a contract for deed made and entered into between the above parties whereby the said

H. W. Adron for consideration and upon conditions named in said contract, agreed to grant and convey to the said Verne Beebe the following described property situated in Moody county, South Dakota, to wit: The northeast quarter (NE¼) of section thirty-six (36), and the northwest quarter (NW¼) of the northwest quarter (NW¼), and the east half (E½) of the northwest quarter (NW¼) of the northwest quarter (NW¼) of section thirty-six (36), township one hundred seven (107) north, range forty-eight (48) west.

"And whereas, on the 3d day of June, 1919, the said Verne Beebe made and entered into a contract with Nick Evans whereby he contracted and agreed upon conditions named in said contract, to sell and convey said land to said Nick Evans, and on the said 3d day of June, 1919, the said Verne Beebe assigned all of his interest, right and title in and to the said contract between said H. W. Adron and said Verne Beebe to the said Evans.

"Now therefore, in consideration of one dollar, I, the said Verne Beebe, do hereby sell and assign to H. W. Adron, all my right, title and interest in and to said contract between the said Verne Beebe and the said Nick Evans, and hereby authorize him to collect the money due on said contract and to take such other proceedings as I could take for the enforcement of the same. The said H. W. Adron hereby releases said Verne Beebe from all personal claims under the said contract heretofore entered into by and between the said Verne Beebe and the said H. W. Adron.

"In witness whereof, we have hereunto set our hand the day and year first above written.

"[Signed]   H. W. Adron.

"[Signed]   Verne Beebe.

"State of South Dakota, County of Moody—ss.:

"On this 12th day of July, 1923, before me, Jas. T. Bigelow, a notary public in and for said county and state, personally appeared H. W. Adron and Verne Beebe, known to me to be the persons described in, and who executed the within instrument, and acknowledged to me that they executed the same.

"[Signed]   Jas. T. Bigelow,

"Notary Public.   [Seal]"

This assignment was made after Adron had put his case into the hands of attorneys for proceedings against Evans, as appears

,from a letter of Adron's attorneys to Evans, dated May 14, 1923. We do not think that this assignment of the Beebe-Evans canceled contract by Beebe to Adron could confer any rights upon Adron. The Beebe-Evans contract had been considered by all parties at an end, as satisfied and canceled, and it could not be resurrected and given new life by an attempted assignment of it more than three years after it had become defunct.

It is clear that after the cancellation of the Beebe-Evans contract by the parties to it, on March 1, 1920, Beebe could not have enforced it against Evans and could not have collected the money due on it. He had no longer any right, title, or interest under it. Therefore his assignment to Adron more than three years later of all his "right, title and interest in and to said contract" transferred to Adron nothing whatever.

Plaintiff further contends that his right to a personal judgment against Evans should be sustained on the theory of a novation; that at the time of the assignment of the Beebe-Evans contract, it was agreed between Evans and Adron that Evans should be substituted in place of Beebe in the Adron-Beebe contract. Conceding, without deciding, that novation by substitution of the vendee in a contract for the sale of real estate may be proven by oral evidence, still one of the essential elements in a contract of novation is that the old obligation be extinguished. R. C. 1919, § 789.

The terms of the assignment of the Beebe-Evans contract, made July 12, 1923, show that Adron up to that time had not considered his contract with Beebe extinguished because in that assignment "Adron hereby releases the said Beebe from all personal claims" under the Adron-Beebe contract.

Since the acceptance of the assignment of the Adron-Beebe contract by Evans created no personal liability on the part of Evans, and Adron acquired nothing through the attempted assignment to him of the canceled Beebe-Evans contract, it follows that Adron is not entitled to any personal judgment against Evans, but is entitled only to have Evans' rights as assignee under the Adron-Beebe contract foreclosed and to retain the payments already made.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and POLLEY, and SHERWOOD, and BURCH, JJ., concur.