## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. ANDREWS.

### No. 9921.

Circuit Court of Appeals, Eighth Circuit.

Oct. 25, 1934.

Walter McNett, of Ottumwa, Iowa (Claude H. Brown, of Ottumwa, Iowa, on the brief), for appellant.

Merrill C. Gilmore, of Ottumwa, Iowa (Edwin G. Moon and Burn Bannister, both of Ottumwa, Iowa, on the brief), for appellee.

Before BOOTH, Circuit Judge, and MUNGER and BELL, District Judges.

MUNGER, District Judge.

Appeal from order dismissing a portion of the defendant's answer. The plaintiff below brought suit to recover upon a policy of life insurance, issued to her husband by the defendant, in which she was named as the beneficiary. She alleged that her husband died, while the policy was in force, as the result of accidental means, and that due proof of the death from bodily injury was furnished to the insurer. The defendant answered to the plaintiff's petition, setting forth certain defenses at law. At a later time the defendant was given leave by the court to file an amendment to its answer. In pursuance of this leave, the defendant filed an amendment to its answer in which it alleged that the policy had been issued to the assured upon his written application, and set forth a number of representations that were alleged to have been made in his application. It was also alleged that these representations were false, and were known to be false by the assured when he made them and that he made them with the intent to deceive the defendant and to induce it to issue the policy to the assured and that the defendant relied upon the representations in issuing the policy. It was further alleged that the assured had obtained the policy by fraud and with the intention that he would receive serious injuries by his own act, with the purpose that the injuries should appear to be accidental, and in pursuance of this plan he caused his feet to be severed under the wheels of a moving railway train, resulting in his death. The prayer was that the issues made by reason of the amendment should be determined as equitable issues, and that a decree should be entered adjudging the policy to be null and void and ordering the plaintiff to deliver the policy for cancellation. The plaintiff moved to dismiss the defendant's amendment, because it had an adequate remedy at law upon the facts alleged, and because no equitable defense was stated. This motion was sustained, and the court vacated its prior order allowing the filing of the amendment. The defendant afterwards petitioned the court to vacate this order and to grant a rehearing, but the petition was denied, and this appeal followed. No

further proceedings appear to have been had in the case. The dismissal of the portion of the defendant's answer disposed of only a part of the main litigation, and was not a final decision of the case. It was therefore not a final order, nor appealable to this court at the time the appeal was taken. 28 U. S. Code, § 225 (28 USCA § 225); Winters v. Ethell, 132 U. S. 207, 210, 10 S. Ct. 56, 33 L. Ed. 339; General Electric Co. v. Marvel Rare Metals Co., 287 U. S. 430, 432, 53 S. Ct. 202, 77 L. Ed. 408; Radio Corporation of America v. J. H. Bunnell & Co. (C. C. A.) 298 F. 62, 63; Emery v. Central Trust & Safe Deposit Co. (C. C. A.) 204 F. 965, 968; Pioneer Grain Corporation v. Chicago, M. & St. P. R. Co. (C. C. A.) 42 F.(2d) 1009, 1010; Rexford v. Brunswick-Balke-Collender Co., 228 U. S. 339, 346, 33 S. Ct. 515, 57 L. Ed. 864; Herrup v. Stoneham (C. C. A.) 15 F.(2d) 49, 50; Dyar v. McCandless (C. C. A.) 33 F.(2d) 578, 579; Partridge v. Clarkson (C. C. A.) 72 F.(2d) 108, 110.

The appeal will be dismissed, but as appellee argued only the points presented by the assignments of error, and did not move to dismiss the appeal, no costs will be allowed.