**KNEBERG v. H. L. GREEN CO., Inc.**
No. 5997.

Circuit Court of Appeals, Seventh Circuit.
March 23, 1937.

Geo. W. Wood and Dan H. McNeal, both of Moline, Ill., and Edward W. Schoede, of Rock Island, Ill., for appellant.

Cutting, Moore & Sidley, of Chicago, Ill., and Clarence W. Heyl, of Peoria, Ill. (Donald F. McPherson and Howard Neitzert, both of Chicago, Ill., of counsel), for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellant contracted that upon payment of an aggregate sum of some $160,000, she would convey, and furnish merchantable abstract of title to, certain real estate to appellee's assignor, who in turn promised to make the payments provided. One covenant was that the agreement should be binding upon the assigns of the respective parties. The purchaser assigned the contract to the Metropolitan Investment Company which, later, was adjudicated a bankrupt. Still later its trustee in bankruptcy, by authority of the court, assigned the agreement, all rights growing out of same and all sums recoverable on account thereof to appellee. Haber, the original vendee, had paid part of the purchase price, $15,000, and appellee filed this suit alleging that appellant had failed to comply with the contract, in that she had failed to furnish merchantable abstract of title; that, thereby, the contract had been discharged and terminated; and seeking to recover the partial payment made.

Appellant answered, denying the allegations of the complaint, and filed a cross-complaint of equitable character, alleging that, by the acceptance of the contract providing that the covenants and agreements thereof should extend to and be binding upon the assigns of the parties, appellee had assumed and was bound by the obligations of the original purchaser; that by acceptance of the contract, the attempt to terminate same and commencement of the suit, appellee had by implication assumed the original purchaser's obligations; that appellant had not defaulted but was ready, willing, and able to perform. She prayed that the court might enter a decree of specific performance, awarding to her the balance of the purchase price. The cross-complaint contained, as an alternative prayer for relief, the request that if for any reason specific performance might be denied, appellee might be decreed to cancel and surrender the contract and release it of record. There was also a prayer for general relief. The court sustained appellee's motion to strike and dismiss the counterclaim. From this order the present appeal was taken.

A motion to dismiss the appeal has been filed. By inadvertence the record of this court indicates that the motion was overruled, whereas the order should have been that action was reserved until hearing upon the merits. Irrespective of our formal order, therefore, of our own motion, we have examined the question of the propriety of the appeal, for if we are without jurisdiction, it is our duty to observe that fact.

Appellee contends that an order dismissing a counterclaim in equity is not appealable; that it is not final in character and not the kind of interlocutory order reviewable by appeal. 28 U.S.C.A. §§ 225–227; 45 U.S.C.A. § 159.

An order dismissing a counterclaim is not a final order within the meaning of section 128, Judicial Code, 28 U.S.C.A. § 225. Winters v. Ethell, 132 U.S. 207, 10 S.Ct. 56, 33 L.Ed. 339; Ayres v. Carver, 17 How. (58 U.S.) 591, 15 L.Ed. 179. But appellant insists that the order is appealable under section 129 of the Judicial Code, title 28 U.S.C.A. § 227 in part as follows: "Where, upon a hearing in a district court, * * * an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals."

Appellant's position in this respect is founded upon her theory of her remedies under section 274b of the Judicial Code, title 28 U.S.C.A. § 398, which provides that: "In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of [or] seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. * * * Review of the judgment or decree entered

in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

It is insisted that when equitable relief is prayed as here, in an answer or counterclaim, in a suit at law, in pursuance of the statute, the dismissal of the same is, in effect, the denial of a prayer to enjoin the suit at law and is, therefore, appealable.

In Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235, 43 S.Ct. 118, 121, 67 L.Ed. 232, the vendee in an executory contract for sale of real estate sued the bank to recover the purchase price. The bank answered alleging that it held the money but that the fund was claimed by both vendee and vendor. The vendor filed a cross-petition denying default and asking specific performance. A decree was entered in favor of defendant, and plaintiff appealed. The Supreme Court reversed an order of the Circuit Court of Appeals (271 F. 928) dismissing the appeal on the ground that it was an action at law and could not be reviewed by appeal, and held that: "Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then, if an issue at law remains, it is triable to a jury."

The later case, Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 311, 79 L.Ed. 440, was an action at law upon a life insurance policy. The defendant included an affirmative equitable defense and asked the court to hear this cause of action in equity prior to the determination of the suit at law. This the District Court did. The decree which followed was affirmed by the Circuit Court of Appeals. 70 F.(2d) 728. The Supreme Court granted certiorari. Concerning the propriety of the appeal the court said: "A preliminary question arises as to the jurisdiction of the Circuit Court of Appeals. The decree of the District Court was interlocutory, and the question is whether it can be considered to be one granting an injunction and thus within the purview of section 129 of the Judicial Code, as amended (28 U.S.C. § 227 [28 U.S.C.A. § 227]), permitting appeal. This section contemplates interlocutory orders or decrees which constitute an exercise of equitable jurisdiction in granting or refusing an injunction, as distinguished from a mere stay of proceedings

which a court of law, as well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice. The power to stay proceedings in another court appertains distinctively to equity in the enforcement of equitable principles, and the grant or refusal of such a stay by a court of equity of proceedings at law is a grant or refusal of an injunction within the meaning of section 129 as amended. And, in this aspect, it makes no difference that the two cases, the suit in equity for an injunction and the action at law in which proceedings are stayed, are both pending in the same court. * * * When the Congress enacted section 274b of the Judicial Code (28 U.S.C.A. § 398), providing for equitable defenses in actions at law and the granting of affirmative equitable relief, the procedure was simplified, but the substance of the authorized intervention of equity was not altered. The court was empowered to exercise a summary equitable jurisdiction. Equitable defenses were permitted to be interposed in actions at law 'by answer, plea or replication without the necessity of filing a bill on the equity side of the court.' The defendant is to have 'the same rights' as if he had filed a bill seeking the same relief. The equitable issue 'is to be tried to the judge as a chancellor.' The same order of trial is preserved as under the system of separate courts. Liberty Oil Co. v. Condon Bank, 260 U.S. 235, 242, 243, 43 S.Ct. 118, 67 L.Ed. 232. * * * It is thus apparent that when an order or decree is made under section 274b (28 U.S.C.A. § 398), requiring, or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose. Such a decree was made in the instant case, and therefore, although interlocutory, it was appealable to the Circuit Court of Appeals under section 129, as amended (28 U.S.C.A. § 227)."

The Circuit Court of Appeals for the Eighth Circuit, in Pacific Mutual Life Ins. Co. v. Andrews, 73 F.(2d) 839, was dealing with a similar situation, where, to an action at law to recover on an insurance policy, defendant filed a counterclaim asking that the policy be canceled. The District Court sustained the motion to dismiss the amended

counterclaim; the defendant appealed. The Court of Appeals concluded that the order was not appealable and reversed the judgment. A motion for rehearing was made and granted because of the decision of the Supreme Court in the last-mentioned case, the court saying [(C.C.A.) 77 F.(2d) 692, 693]: "Pending a motion in this court for a rehearing, the Supreme Court of the United States handed down an opinion in the case of Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, in which it was held, in effect, that an appeal will lie in a case wherein an equitable defense is set up to an action at law and such defense is dismissed without a hearing on the merits."

To the same effect, see also Shanferoke C. & S. Corp. v. Westchester S. Corp., 293 U.S. 449, 55 S.Ct. 313, 314, 79 L.Ed. 583, where the court said: "We are of the opinion that the special defense setting up the arbitration agreement is an equitable defense or cross-bill within the meaning of section 274b, and that the motion for a stay is an application for an interlocutory injunction based on the special defense." Cases cited by appellee in this connection were decided prior to the quoted decision of the Supreme Court and are not controlling. The language of General Electric Co. v. Marvel, etc., Co., 287 U.S. 430, 53 S.Ct. 202, 203, 77 L.Ed. 408, is as follows: "The reasons suggested by plaintiffs in support of the contention that the order is not appealable are that there was no hearing upon any application for an injunction and that the dismissal of the counterclaim was not the refusal of an injunction. But by their motion to dismiss, plaintiffs themselves brought on for hearing the very question that, among others, would have been presented to the court upon formal application for an interlocutory injunction. That is, whether the allegations of the answer are sufficient to constitute a cause of action for injunction. And the court necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction."

We conclude, from the language of the Supreme Court, as did the Court of Appeals for the Eighth Circuit, that, where an equitable defense is set up in an action at law and such defense is dismissed without hearing on the merits, it is equivalent to a denial of an application to stay the law suit and is appealable under the federal statute.

The motion to dismiss is denied.

The question upon the merits is: Is appellee bound by the assignment; are the language of the contract and its action in suing to recover installments paid upon the purchase price of such effect as to bind it by the covenants of the contract of sale so that appellant is entitled to a decree for specific performance as against it?

It is quite generally the law that a contract for the sale of land, which has been assigned by the purchaser, cannot be specifically enforced against the assignee, by reason of the assignment, unless the assignee has entered into a binding contract with the assignor or vendor to assume the assignor's obligations. 58 C.J. 920, and cases there cited, Adron v. Evans, 52 S. D. 292, 217 N.W. 397, 59 A.L.R. 954, and cases there cited; Corbus v. Teed, 69 Ill. 205. It is also the rule, however, that if the assignee expressly assumes the burdens of the contract or if he accepts the benefits thereof and adopts the same by seeking performance of the contract or by any equivalent act, indicative of an intention upon his part to adopt and become bound, so that he may be held impliedly to have assumed the burdens thereof, specific performance will lie against him. Here, there is no allegation of express assumption of the burdens, but the question is whether appellee's acts have been such as to bind it to perform the contract. This includes an inquiry into the effect of the clause of the agreement making the covenants thereof binding upon the assigns of the parties, and, second, the effect of its act in instituting its suit at law.

Irrespective of any inquiry into the soundness of the doctrine and its questionable equity, the courts quite generally agree that the clause mentioned does not of itself impose an obligation upon the assignee to perform the contract. Rather the courts agree that the provision has no effect other than to extend to him an option to determine whether he will be bound. This is based on the doctrine that the contract is only the personal covenant of the promisor, and that, therefore, an attempt to include in its force the assigns of the vendee is inoperative; that the parties are not competent in this manner to create a contract binding their assigns; that no privity exists between the vendor and the assignee; that in the absence of novation, no right to specific performance comes into existence;

and that the assignee, in the absence of an express or implied election to assume the burdens, is not bound. This doctrine is fully discussed in such cases as Lisenby v. Newton, 120 Cal. 571, 52 P. 813, 65 Am. St.Rep. 203; Meyer v. Droegemueller, 165 Minn. 245, 206 N.W. 391; Southern Pacific Co. v. Butterfield, 39 Nev. 177, 154 P. 932; Maloyfsky v. Schiraldi, 108 N.J.Eq. 190, 154 A. 404; Hugel v. Habel, 132 App.Div. 327, 117 N.Y.S. 78; Forbes v. Reynard, 46 Misc. 154, 93 N.Y.S. 1097; Bimrose v. Matthews, 78 Wash. 32, 138 P. 319; Adron v. Evans, 52 S.D. 292, 217 N.W. 397, 59 A.L.R. 947; Treadway v. Western Cotton Oil & Ginning Co., 40 Ariz. 125, 10 P.(2d) 371; Langel v. Betz, 250 N.Y. 159, 164 N.E. 890; Ballen v. Potter, 251 N.Y. 224, 167 N.E. 424; 66 C.J. 1075, § 863; 27 Ruling Case Law, 567, § 308, and 39 Cyc. 1671.

█ Inasmuch as this is an Illinois contract involving property in that state and to be performed there, it is to be interpreted according to the law of that state. Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793. The Illinois law seems to be in accord with the doctrine adopted by the majority of American judicial authorities. We conclude, therefore, that under the law in Illinois, the acceptance of the assignment of the contract by appellee, without any express assumption of the obligations thereof, did not bind appellee merely because the contract provided that it be binding upon the assigns of the respective parties.

The facts relied upon by appellant to disclose by implication an intention upon the part of the assignee to assume the burdens of the contract are that appellee filed a suit in which it was alleged that appellee had become the owner of the contract and of rights to recover arising thereunder; that appellant is in default; that because of said default, the contract has been terminated and discharged and appellee entitled to recover the sum of $15,000, previously paid by its assignor; that the suit is "a suit upon contract for the payment of money"; that appellee "is the actual bona fide owner of said contract"; that the same had been transferred to it by assignments originating with the original vendee. These allegations, appellant contends, disclose an intention upon the part of appellee to take advantage and enjoy the fruits of the contract and estop appellee from denying liability.

█ The fallacy in this reasoning lies in the fact that appellee's suit is not one upon the contract. It is one brought upon the premise that the vendor has defaulted and that appellee, by virtue of that fact, is entitled to treat the contract as discharged and to maintain a suit in general assumpsit, rather than on the special contract, to recover the money paid. It is hornbook law that the party not in default may, upon breach of a contract, choose one of several remedies. He may bring an action for specific performance; he may sue on the contract to recover damages for its breach; or, if he has furnished anything of value in performance of the contract, he may ignore the express agreement and maintain an action in general assumpsit to recover for money had and received. Page on Contracts, § 3174. These rights, as to which he has his election, are alternative, inconsistent remedial rights which the law awards him upon breach of the other party, if he is not in default himself. Page on Contracts, § 3242. Thus it is held that an action to enforce the quasi-contractual rights, that is, to recover money paid, in assumpsit, operates as a waiver of the right of damages upon the contract. Page on Contracts, § 3242. Likewise, if one elects to treat the contract as discharged and to seek to recover what he has paid, he cannot add a claim for special damages on the contract. Timmerman v. Stanley, 123 Ga. 850, 51 S.E. 760, 1 L.R.A.(N.S.) 379; Harrison v. Hancock, 2 Neb.Unof. 522, 89 N.W. 374; Page on Contracts, §§ 3250–3254. Consequently, the action in this case was not one in recognition of or seeking to recover the fruits of the contract. Rather it was an election to surrender all rights under the contract and to recover in a quasi-contractual action. This is not an affirmance of the contract but a disaffirmance thereof, and no estoppel is created against appellee on account of its action in this respect.

█ Nor do the averments of appellee's pleading and its affidavit accompanying the same to the effect that it is a bona fide owner of the contract and that its action is on "contracts for money" bind it with the obligations of the contract. No estoppel is created by such averments, because they do not mislead appellant, who knows, from reading the complaint, that the premise of appellee was disaffirmance of the contract with a resulting right to sue to recover money had and received and that it did not elect to recover damages for breach of contract or to have specific performance thereof.

It follows that there are no facts in the record sufficient to create by implication liability of appellee for specific performance of the original contract.

However, there is a prayer for further relief in the cross complaint, namely, that, in the alternative, in the absence of decree for specific performance, appellee may be decreed to surrender and cancel the contract and to release the same of record. Appellant in her cross-bill alleges that she is not in default; that she is the owner of the property; that appellee is in default; and that if appellant is not entitled to a decree of specific performance, she is entitled to a decree of cancellation and one compelling appellee to release the contract of record. Obviously such a record is a cloud upon the title of appellant and, if she proves her cross-complaint, she is entitled to relief in equity, removing the record of the contract, as a cloud upon her title and to a decree discharging same, and the court erred in striking the cross-bill in so far as this prayer for relief was concerned.

The decree will be affirmed in so far as it concerns the prayer for specific performance. It will be reversed in so far as the prayer for a decree of cancellation and release of the contract are concerned. The costs of this appeal shall be borne equally by the parties.