## HUME v. BOWIE.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 1107. Submitted February 6, 1893. — Decided March 20, 1893.

When the parties to a suit tried in the Supreme Court of the District of Columbia, at circuit, cannot agree as to the exceptions, the trial term may, under the rules, be extended into the succeeding term for the purpose of settling them; and in case the judge presiding at the trial dies without settling them, and in consequence thereof a motion be made to set aside the verdict and order a new trial, the then presiding judge in the Circuit Court may order the motion to be heard in General Term; and an order to set aside the verdict and direct a new trial made in General Term is not a final judgment from which an appeal may be taken to this court.

THIS was an action brought by William B. Bowie in the Supreme Court of the District of Columbia against Frank Hume as indorser upon a promissory note. The defendant pleaded to the declaration, issue was joined, and on the trial of the cause a verdict was rendered May 25, 1888, in favor of the defendant. During the trial various exceptions were reserved to the rulings and instructions of the court, which were duly noted at the time by the presiding justice upon his minutes. A motion for a new trial was made and overruled June 2, 1888, and an appeal to the general term was thereupon taken, and a bond on appeal duly executed and approved.

The record discloses that on January 3, 1888, the court in general term entered an order directing that, in addition to the Circuit Court to be held by Mr. Justice Hagner on the fourth Monday of January, 1888, a second Circuit Court should be held at the same time by Mr. Justice Merrick, the court to be held by Mr. Justice Hagner to be known as division number one, and the court to be held by Mr. Justice Merrick to be known as division number two. On April 27, 1888, the court in general term ordered that the Circuit Courts then being held in divisions numbers one and two should be continued further by the same justices through the May term

thereof. This case was tried in the Circuit Court, division number two, by Mr. Justice Merrick; verdict returned May 25; motion for new trial overruled June 2; appeal prayed June 5; bond approved June 12. On July 14, 1888, an order was entered by that justice providing that "the May term of the Circuit Court, division number two, is hereby entered as extended that the bills of exceptions not yet filed may be settled, to wit:" (Here follow names of cases, including this case.) On the same day, in division number one, the court ordered "the term of this court extended for the purpose of settling bills of exceptions and case in the following cases: (Cases named); and thereupon the May term adjourned without day except as above stated."

On January 24, 1889, an order was entered by the general term assigning the justices to serve for the year 1889, as follows: "First, for the General Term, Justices Hagner, James, and Merrick; second, for the Circuit Court, Chief Justice Bingham; third, for the Equity Court and Orphans' Court, Justice Cox; fourth, for the District Court, Justice James; fifth, for the Criminal Court, Justice Montgomery."

April 8, 1889, the death of William B. Bowie was suggested, and Anne H. Bowie, executrix, was substituted as party plaintiff, and, on April 23, she filed her motion to set aside the verdict and judgment and to grant a new trial, "because the bill of exceptions containing the exceptions reserved on the trial of the cause cannot be settled, signed and sealed as required by law, the justice of this court, who presided at the trial of this cause, (in division No. 2, May term, 1888, of this court,) having departed this life without having settled or signed and sealed the same."

Due notice of this motion was given and it was finally called up on June 8, 1889, before Chief Justice Bingham, holding a special term and Circuit Court, and "at the request of both parties by their respective attorneys was directed to be heard in the general term in the first instance." Subsequently the death of Anne H. Bowie was suggested and Richard Irving Bowie as administrator *de bonis non*, with the will annexed, substituted.

The motion in question was heard upon certain certificates and affidavits, which are set forth in a bill of exceptions taken upon the disposition of the motion. It appeared that the bill of exceptions preserved on the trial was prepared by counsel for plaintiff and submitted to counsel for defendant, but that they could not settle it by agreement, and that before it was considered by the justice who presided at the trial, the latter became ill, and, afterwards, on February 6, 1889, died, leaving it unsettled.

On April 26, 1892, the motion was sustained by the general term, the judgment and verdict set aside, and a new trial granted. From this order a writ of error was sued out.

The following are sections of the Revised Statutes of the District of Columbia:

"SEC. 770. The supreme court, in general term, shall adopt such rules as it may think proper to regulate the time and manner of making appeals from the special term to the general term; and may prescribe the terms and conditions upon which such appeals may be made, and may also establish such other rules as it may deem necessary for regulating the practice of the court, and from time to time revise and alter such rules. It may also determine by rule what motions shall be heard at a special term, as non-enumerated motions, and what motions shall be heard at a general term in the first instance."

"SEC. 803. If upon the trial of a cause, an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice, and afterward settled in such manner as may be provided by the rules of the court, and then stated in writing in a case or bill of exceptions, with so much of the evidence as may be material to the questions to be raised, but such case or bill of exceptions need not be sealed or signed.

"SEC. 804. The justice who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motion shall be made at the same term at which the trial was had.

"Sec. 805. When such motion is made and heard upon the minutes, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.

"Sec. 806. A motion for a new trial on a case or bill of exceptions, and an application for judgment on a special verdict or a verdict taken subject to the opinion of the court, shall be heard in the first instance at a general term."

Among the rules of the Supreme Court of the District of Columbia are these:

"2. The terms of the court shall be as follows: Of the General Term on the 4th Monday of January; 4th Monday of April; 1st Monday of October. Of the Circuit Court on the 4th Monday of January; 2nd Monday of May, which term shall not continue beyond the 2nd Saturday in July, except to finish a pending trial; 3d Monday of October. Of the District Court on the 1st Monday of June; 1st Monday of December. Of the Criminal Court on the 1st Monday of March; 3d Monday of June; 1st Monday of December. Of the special terms on the first Tuesday of every month, except August, in which month there shall be no term of court."

"54. Motions for new trial may be grounded on errors of law in the rulings of the justice presiding at the trial.

"1. The motion may be made upon the bills of exception, in which case it must be filed in the Circuit Court, but shall be heard in the General Term in the first instance.

"2. The justice who tried the cause may, in his discretion, before any bills of exceptions are prepared, entertain a motion to set aside the verdict for errors of law founded on the exceptions reserved during the trial and noted on his minutes. An appeal may be taken from the decision of the justice on such motion, in which case a bill of exceptions must be settled in the usual manner."

"61. If a party desires to present for review in the General Term the rulings or instructions of the presiding justice for alleged errors of law, he must at the trial and before verdict except to such rulings or instructions; and he may at the time

of taking exception reduce the same to writing in a formal bill of exceptions, or the justice may enter the exception upon his minutes and proceed with the trial and afterwards settle the bill of exceptions.

" 62. The bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to prepare it.

" 63. Every bill of exceptions shall be drawn up by the counsel of the party tendering it and submitted to the counsel on the other side; and where the bill of exceptions is not settled before the jury retires, the counsel tendering the bill of exceptions shall give notice in writing to the counsel on the other side of the time at which it is proposed that the bill of exceptions shall be settled, and shall also, at least three days, Sundays exclusive, before the time designated on such notice, submit to the counsel on the other side the bill of exceptions so proposed to be settled; and if they cannot agree it shall be settled by the justice who presided at the trial, and in that case the justice shall be attended by the counsel on both sides, as he may direct.

" 64. In case the judge is unable to settle the bill of exceptions and counsel cannot settle it by agreement a new trial shall be granted."

A motion was made to dismiss the writ of error on the ground that the judgment brought here by the writ of error was not a final judgment.

*Mr. Enoch Totten* for the motion.

*Mr. Walter D. Davidge* and *Mr. S. T. Thomas* opposing.

The motion to dismiss raises two questions : First, whether the court had jurisdiction, on motion after the term, to vacate the judgment: Second, if it had not, whether the judgment vacating the former judgment is a final judgment?

The case of *Phillips* v. *Negley*, 117 U. S. 665, decided in 1885, is absolutely decisive as to both these questions. There a judgment recovered in the court below was, after the term,

vacated, and a new trial granted at special term, on motion alleging fraud, deceit, surprise and irregularity.

The court in general term having ruled that the court in special term had jurisdiction to grant the motion in its discretion, the judgment of the court in general term was brought here by writ of error.

It was insisted in argument here that the court below had jurisdiction to vacate the judgment, and also that its judgment, as it vacated the former judgment for the purpose of a new trial, was not a final judgment. Thus both the questions involved in this case were directly presented and necessarily passed upon in *Phillips* v. *Negley.*

The judgment of this court reversed the judgment below and remanded the cause with directions to *dismiss the motion without prejudice to the right to file a bill in equity.*

It is argued in the brief in behalf of the defendant in error that the-judgment or order vacating the former judgment is not final, because it does not dispose of the cause but directs a new trial, and many decisions of this court are cited. The form of the judgment is precisely the same as in *Phillips* v. *Negley.* The decisions referred to — and many others could be cited — relate to new trials or other further proceedings here in the progress of a cause, and, as said by Mr. Justice Matthews, "in the exercise of acknowledged jurisdiction."

The present case belongs to an entirely different class, where the judgment brought here for review is without jurisdiction.

The error of defendant's counsel consists in confounding two distinct and independent things, the proceeding in which the original judgment was rendered, and a new proceeding to vacate that judgment, instituted not by motion during the term, but after the term and when all jurisdiction over the judgment had ceased.

In such new proceedings without jurisdiction, whatever its form, the judgment is necessarily final. As said by Mr. Justice Miller in *Bronson* v. *Shulten,* 104 U. S. 410, 417 : "The question relates to the *power* of the courts and not to the mode of procedure. It is whether there exists in the court

the authority to set aside, vacate, and modify its final judg-·· ments after the term at which they were rendered."

· The new proceeding, whatever the mode of procedure, whether by motion after the term when that is allowed by statute, or by bill in equity, is for an essentially different purpose from the proceeding in which the original judgment was rendered. It is, indeed, a new cause and the judgment or decree is an end of that cause. *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Crim* v. *Handley*, 94 U. S. 652; *Kibbe* v. *Benson*, 17 Wall. 624; *Embry* v. *Palmer*, 107 U. S. 3; *Cragin* v. *Lovell*, 109 U. S. 194; *Phillips* v. *Negley*, 117 U. S. 665.

In the argument below it was insisted that the May term, 1888, was still subsisting when, on the 23d of April, 1889, the motion was made. It is proper briefly to notice this point.

Rule 2, fixing the terms of the circuit, provides that the May term shall not continue beyond the second Saturday in July, except to finish a pending trial. Rule 62 declares that the bill of exceptions must be settled during the term, which may be *prolonged* in order to prepare it. Taking the two rules together it must be evident that, the former having fixed a limit, beyond which the May term should not continue, the latter created an exception for the sole purpose of settling bills of exception. Hence, when the second Saturday in July arrived, there being bills of exceptions in a number of causes unsettled, Mr. Justice Merrick passed an order extending the term beyond the limit fixed by Rule 2 for the special purpose of settling them.

This order shows on its face what was intended: that the term was to be "extended," or, in the words of Rule 62, "prolonged" for the special purpose of settling exceptions, instead of ending as provided by Rule 2. Such an order merely "extended" or "prolonged" the current term until it should be adjourned by judicial act or expire by efflux of time. It did not invest the term with the quality of immortality, and enable it to "run on forever." It was not until after the May term had ended by operation of law, and after the ensuing October term had intervened, and after the January term, 1889, had progressed to well-nigh its close, the

motion to vacate was filed. Neither during the May term after the above order, nor the October term, nor the January term until the motion was filed, was there any order of the court or motion or other act whatsoever in relation to the exceptions in this case.

The record shows on its face that the motion to vacate was made at the January term, 1889, held by Mr. Chief Justice Bingham, and was by him certified to the general term for hearing in the first instance. If the May term still had existence nobody held it or professed to hold it, and certainly the motion was made in fact at a subsequent term and to a judge whose authority was confined exclusively to such subsequent term and who assumed jurisdiction as holding such term.

The exceptions taken at the trial were by the terms of the statute to be heard in the first instance in general term. Of course they could also be considered under the motion for a new trial addressed to the discretion of the judge who tried the cause, and they, with the other ground assigned, were so considered and overruled and an appeal taken and perfected. Thus all matters of law and fact in impeachment of the judgment were pending in the general term, and the judge holding the circuit and special term had no jurisdiction to entertain the motion to vacate.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court:

This case comes before us on a motion to dismiss the writ of error for want of jurisdiction, upon the ground that the judgment brought here by the writ is not a final judgment. *Baker* v. *White*, 92 U. S. 176; *Rice* v. *Sanger*, 144 U. S. 197; *Brown* v. *Baxter*, 146 U. S. 619. The question involved is one of power, for if the court had power to make the order, when it was made, then it was not a final judgment, as it merely vacated the former judgment for the purpose of a new trial upon the merits of the original action. If the court had no jurisdiction over that judgment, the order would be an order in a new proceeding, and in that view final and reviewable.

The rule is unquestionably correctly laid down in *Müller* v. *Ehlers*, 91 U. S. 249, that when judgment has been rendered, and the term expires, a bill of exceptions cannot be allowed, signed and filed as of the date of the trial, in the absence of any special circumstances in the case, and without the consent of parties or any previous order of court. But it is always allowable, if the exceptions be seasonably taken and reserved, that they may be drawn out and signed by the judge afterwards, and the time within which this may be done must depend upon the rules and practice of the court and the judicial discretion of the presiding judge. *Dredge* v. *Forsyth*, 2 Black, 563; *Chateaugay Iron Co., Petitioner*, 128 U. S. 544.

The Supreme Court of the District had power to prescribe rules upon the subject, and had done so. Under those rules, whenever the judge was unable to settle the bill of exceptions, and counsel could not settle it by agreement, a new trial followed as matter of course. If, therefore, in this case, the bill of exceptions was open to be settled at the time of the granting of the new trial, the power to grant the latter existed. If the bill were settled, the court in general term could hear the case, and if reversible error were found, could set aside the judgment; and if the bill could not be settled, the judgment was necessarily so far *in fieri* as to be susceptible of being vacated under the rule. Ordinarily where a party, without laches on his part, loses the benefit of his exceptions through the death or illness of the judge, a new trial will be granted. *N. Y. Life & Fire Ins. Co.* v. *Wilson*, 8 Pet. 291, 303; *Borrowscale* v. *Bosworth*, 98 Mass. 34, 37; *Wright* v. *The Judge of the Detroit Superior Court*, 41 Michigan, 726; *State* v. *Weiskittle*, 61 Maryland, 48; *Benett* v. *P. & O. Steamship Co.*, 16 C. B. 29; *Newton* v. *Boodle*, 3 C. B. 795; *Nind* v. *Arthur*, 7 Dowl. & Lowndes, 252. And here the rule is so prescribed.

The rules also provided that the terms of court might be prolonged by adjournment for the purpose of settling bills of exceptions, and an order was accordingly entered prolonging the term at which this judgment was rendered, for the purpose of doing that in this case. This was equivalent to

the practice in many jurisdictions of entering an order granting additional time, after the expiration of the term, in which to settle such bills. The provision as to the prolongation of the term for the particular purpose is a mere difference in phraseology and not of the substance, and the question as to the close of the term in other respects is quite immaterial.

It is argued that, as Rule 2, fixing the terms of the Circuit Court, provides that the May term shall not continue beyond the second Saturday in July, except to finish a pending trial, the order extending the term under Rule 62, for the special purpose of settling bills of exceptions, beyond the limit fixed by Rule 2, could not extend such term beyond the commencement of the succeeding term, which was in this instance the third Monday of October, 1888. The May term, it is said, must necessarily have come to an end, either by the act of the justice who held it, or by operation of law through the efflux of time and the commencement of ·· ...cceeding term. But we are of opinion that under these rules the term may be continued indefinitely by order of court, so far as the settlement of bills of exceptions is concerned, and concur in the views of the Supreme Court of the District expressed in *Jones. v. Pennsylvania Railroad*, 18 Dist. Col. 426, where it was held that Rule 62 was valid, and that while it would be more proper to specify the time to which the term might be extended under the provisions of that rule, yet an omission to do so did not invalidate the order.

It is to be remembered that the Supreme Court of the District sitting at special term and the Supreme Court sitting in general term is still the Supreme Court; that the judgment of the general term setting aside a verdict and judgment at law, and ordering a new trial, is equivalent to remanding the cause to the special term for a new trial; that an appeal from the special to the general term is simply a step in the progress of the cause during its pendency in the court; and that, though the judges may differ, the tribunal remains the same. *Metropolitan Railroad v. Moore*, 121 U. S. 558, 573; *Ormsby v. Webb*, 134 U. S. 47, 62. Some other judge must act on a motion for new trial by reason of inability created by death,

and while this order was entered at a term subsequent to that at which the judgment was rendered, it was entered in a matter kept within the control of the court by the order of prolongation. Mr. Justice Merrick, if living, might have settled the bill of exceptions in the case in April, 1889, at the time the motion under consideration was made, and inasmuch as, because of his decease, the bill of exceptions could not be settled by him, and counsel could not settle it by agreement, Rule 64 applied. At all events, the court had power to carry that conclusion into effect, and this being so, the order that it entered awarding a new trial was not a final judgment.

The distinction between *Phillips* v. *Negley*, 117 U. S. 665, and this case is, that there a verdict and judgment had been taken against the defendant and no motion was made or proceeding had at that term for the purpose and with the view of setting aside the judgment. The litigation was at an end upon the adjournment of the term and the successful party discharged from further attendance.

The result is that the writ of error must be

*Dismissed.*