8

STUDEBAKER CORPORATION OF AMERICA, Plaintiff in Error, v. R. L. WOODRUFF, Trading as Woodruff Hardware Company, Defendant in Error. (Circuit Court of Appeals, Fifth Circuit. November 5, 1924.) No. 4283. In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge. Gibson H. Cornwell, and Mark Bolding, both of Atlanta, Ga. (Richard B. Russell, Jr., of Winder, Ga., on the brief), for plaintiff in error. Thomas J. Shackelford, of Athens, Ga., for defendant in error. Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. In this case the only assignment of error is that the court erred in refusing to direct a verdict in favor of the plaintiff in error. This, of course, involves a consideration of all the evidence. The trial was completed on July 5, 1923, and on the same day court was adjourned for the term. There was opportunity before adjournment to ask for an extension of time for the preparation of a

bill of exceptions, but this was not done, and it was not until January 2, 1924, that a bill of exceptions was presented to the district judge for his approval. In the absence of special or extraordinary circumstances, a bill of exceptions will not be allowed after the term at which the judgment was rendered has expired. Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Hume v. Bowie, 148 U. S. 245, 13 S. Ct. 582, 37 L. Ed. 438. No reason for the failure to obtain an extension of time at the term at which the case was tried, or for the long delay in the presentation thereof afterwards, is shown, and therefore the bill of exceptions is stricken. In this condition of the record the assignment of error falls, as it is based solely upon evidence which is not properly before us. The judgment is affirmed.