Per Curiam:

In the Hazelhurst Oil Mill & Fertilizer Co. v. United States, Congressional No. 17453,[2] a stipulation was filed with reference to certain facts and as to what evidence might be received in the above-entitled case and ten other cases, all against the same defendant. The defendant now moves to set aside this stipulation on the ground that it was inadvertently agreed to and operates to its prejudice and injury in depriving it of its rights and preventing a fair trial of the cases to which it applies under a construction of its language which may be and has been given to it.
The courts have the power to set aside a stipulation between the parties to an action when it appears that the stipulation was inadvertently entered into and if enforced would substantially and materially prejudice the rights of the party moving to have the stipulation abrogated. Counsel for the plaintiffs, however, contend that the stipulation has no such effect and the argument upon the motion has shown that the question so arising depends on the construction of the stipulation.
It appears quite plainly that the stipulation is to some extent ambiguous. This is shown not only by the fact that counsel dispute as to its meaning but from an examination of the language used taken in connection with the circumstances to which it was intended to apply. Like all other contracts and agreements, when a stipulation is ambiguous the court will inquire as to the intent of the parties entering into it as shown by all of the surrounding facts and circumstances. If from the language of the stipulation and the other facts that bear thereon the intent of the parties clearly appears, the courts will declare and apply it in construing *305 the stipulation. In the instant case we think no elaborate discussion is necessary to show what the intent of the parties was.
The parties had under consideration several hundred cases, in all of which it is agreed a portion of the evidence and the facts found by the court in the case of the Hazelhurst Oil Mill & Fertilizer Co. v. United States, supra, was competent and material. These findings of fact are set out in the stipulation and no controversy arises with reference thereto. The contention is over the question of to what extent further evidence may be taken in the cases now before the court. When the parties were about to prepare the stipulation it was evident that if these facts so found in the Hazelhurst case could be used in the trial of the three hundred or more cases which were yet to be tried, depending to a certain extent upon similar facts, a great amount of work and labor would be saved to the parties and the court, and also there would be a great saving in the expense pertaining to the trial. But it was also quite evident to all parties that each one of these cases necessarily differed to a certain extent from any of the others as to certain matters which are material to its consideration and decision. We are quite certain none of the attorneys for any of the parties intended or expected that by this stipulation he would be precluded from introducing such evidence with reference to these matters as Would have been permitted had the case been tried alone, and we would be loath to impute to the attorneys on either side an intention to obtain from the other party a stipulation that would prevent the case from being fairly tried. Nothing of that kind we think could happen except by inadvertence on both sides. While the stipulation is ambiguous, we do not think it is so meaningless or obscure that it can not be construed under the rules above stated; nor do we consider that when so construed in the fight of all of the surrounding circumstances it is materially prejudicial to the rights of either party in any of the cases. We accordingly hold, rejecting a contrary intention, that the main purpose and intent of the parties in entering into the stipulation was to save time, work, and expense in the manner above stated and at the same time afford the parties to each action an opportunity for a fair trial.
*306 For the guidance of the commissioner it is perhaps well that we should make our conclusions more definite. The controversy between the parties appears to be principally over the meaning of a provision in the stipulation which reads as follows:
“It is further stipulated and agreed that the aforementioned stipulated facts together with such additional facts as the Court of Claims shall find from the testimony herein-before stipulated to be taken, shall be taken and regarded as the facts in the following listed cases, to wit: * * * without the necessity of either party again taking any testimony to prove the same: * * *.”
Neither party puts a definite construction on this provision. Without stating definitely just how far this provision goes, counsel for plaintiffs contend that it limits and restricts the testimony which defendant may offer. Counsel for defendant, on the other hand, contend that if this provision in any way limits or restricts competent evidence in rebuttal of the plaintiffs’ testimony as to the amount of damages or the fact of duress, the stipulation should be set aside. It will be observed that the provision in question, after referring to certain evidence, says that it “shall be taken and regarded as the facts in the following listed cases.” There are only two possible constructions which can be placed on the words quoted. In one, the article “the” before the word “facts” is not given any restrictive meaning and the clause is to be understood the same as if the word “the” were omitted and it read “shall be taken and regarded as facts in the following listed cases.” The other construction gives the article “the” such a broadly restrictive meaning that the clause would be understood the same as if it read “shall be taken and regarded as all the facts in the following listed cases.” There can be no partial restriction as there is no way to fix the dividing line.
We think the article “the” was used inadvertently as not infrequently happens. The attorneys certainly did not intend that any of these cases should be tried simply on the portion of the findings made in the Hazelhurst case set out in the stipulation and the plaintiff’s testimony as to the amount *307 of its damages (as provided in a preceding paragraph of the stipulation). This construction would not only prevent the defendant from offering any evidence whatever but would be in its practical effect equivalent to an agreement that the plaintiff in each case was to have judgment. It must have been expected and intended that the defendant should have an opportunity at least to rebut any evidence that the plaintiff offered as to the amount of its damages and we think also to offer any other competent evidence not in conflict with the facts adopted from the Hazelhurst case which would tend to defeat plaintiff’s claim of duress. Not knowing the nature of the testimony which defendant could or might offer to introduce, we can not at this time rule upon its materiality or competency, although it can be said that testimony as to the time when the contract involved in each case was in fact executed would be admissible.
We also think the same rule should be applied to the provisions in the stipulation with reference to the testimony which the plaintiffs may offer. We have above held that it is quite manifest that the parties never intended that the defendant should not be permitted any testimony in rebuttal of testimony so offered by the plaintiffs, for there could be no real trial of the case if such a construction was applied. So also we do not think this provision with reference to the testimony which plaintiffs may offer was intended to preclude the plaintiff in any of the cases from offering testimony in rebuttal of whatever testimony might be offered by the defendant on points that are still left open for consideration after the facts established in the Hazelhurst case had been considered.
If we are correct in the foregoing conclusions, it is obvious that there is no reason for setting aside the stipulation and the motion of defendant is therefore overrifled. It is so ordered.

 70 C. Cls. 334.