## UNITED STATES v. AGNE.

### No. 9202.

Circuit Court of Appeals, Third Circuit.

Argued April 7, 1947.

Decided April 28, 1947.

James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellant.

Gordon Butterworth, of Philadelphia, Pa. (George C. Dix, of New York City, on the brief), for appellee.

Before BIGGS, GOODRICH, and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal by the United States from an order of the District Court for the Eastern District of Pennsylvania directing the opening and vacating of a default decree. The facts necessary for the understanding of the legal question presented at this stage of the litigation may be very simply stated.

On June 19, 1942, a decree cancelling the appellee, Agne's, naturalization was entered, having been entered in default of answer by Agne to the petition praying such cancellation. On September 10, 1945, more than three years thereafter, Agne filed in the cause an "Original Complaint, in the Nature of a Bill of Review, Impeaching the Decree Entered * * * on June 19, 1942". On October 26, 1945, Agne filed another paper entitled "Notice of Motion and Affidavit" serving notice of his intention to move the court for an order opening and vacating the decree of June 19, 1942. On April 26, 1946, the District Court entered an order denying a Government motion to dismiss the Complaint in the Nature of a Bill of Review and granting the motion "for an order directing the opening and vacating of the default decree or order of June 19, 1942."

The first question presented to us on the appeal and the one which we think

concludes the matter' at this stage of the proceedings is whether the order is appealable. No citation of authorities is necessary for the proposition that the jurisdiction of a Circuit Court of Appeals is statutory. Unless the cause comes to us within the statutory grant of power we have no authority to deal with it. Certain interlocutory orders are by statute made appealable, but no one suggests that the present case falls within any of these.[1]

The general grant of jurisdiction is found in Section 128 of the Judicial Code.[2] We are given appellate jurisdiction to review by appeal final decisions of the District Courts.[3] The statute does not define what is a "final decision" and courts have, from time to time, attempted a variety of definitions and descriptions which, as the commentators have pointed out, frequently leave out points which the definition writer would have included at the time had he thought of them. Judge Dobie points out that an interlocutory decree may come so close to one which is final that the line of discrimination is too fine to be readily perceived.[4] He states, also, that in applying the test the federal courts have regarded substance rather than form and have been guided by practical rather than theoretical considerations.[5]

■ A reference to the facts stated above will show immediately that the instant case is not one of those where the distinction between a final order and an interlocutory order becomes vague and hard to find. The order of the District Court did nothing but open up for further consideration the action of the court in 1942 which cancelled Agne's naturalization. It did not decide that Agne is entitled to have his citizenship restored; it is entirely consistent with any order made so far that the revocation of citizenship may stand at the conclusion of whatever further proceedings may be taken. We do not see how in any sense of the word the order can be considered as final any more than can an order granting a new trial be taken as final. This Court has said before that the new trial order is not a final one.[6]

It is suggested by the Government that the action taken by the learned District Judge was beyond his jurisdiction since the order he made was entered so long after the decree of June 19, 1942. We do not pass on the merits of this point. Even if it is correct, we find no suggestion in the decisions and authorities we have examined that indicates that an order, not final in its nature, becomes forthwith appealable because the court making it had no jurisdiction in the premises.

We think the language of the 9th Circuit in Waialua Agr. Co., Limited, v. Christian, 9 Cir., 1931, 52 F.2d 847, reads directly upon the facts of this case.[7] Said the Court: "There is no necessity for any refinement of

---

[1] These instances are classified and discussed in Dobie, Federal Jurisdiction and Procedure § 202 (1928).

[2] 52 Stat. 779, Act June 20, 1938, 28 U.S.C.A. § 225.

[3] "* * * in all cases save where a direct review of a decision may be had in the Supreme Court * * *". 52 Stat. 779, Act June 20, 1938, 28 U.S.C.A. § 225.

[4] Dobie, Federal Jurisdiction and Procedure 792 (1928).

[5] Dobie, Federal Jurisdiction and Procedure 792 (1928). The comment on page 792 supra has been stated judicially by Judge Dobie in Baltimore & O. R. Co. v. United Fuel Gas Co. et al., 4 Cir., 1946, 154 F.2d 545, at page 546. For extensive collations of case material about the meaning of a "final decision" as used in section 128 of the Judicial Code see: 10 Cyclopedia of Federal Procedure 219 (2d Ed. 1943) and 1946 Supplement; 5 Hughes, Federal Practice 134

(1931) and 1945 Pocket Part; 3 Moore, Federal Practice 3391, § 73.02 (1938) and 1946 Supplement 301; 1 Ohlinger, Federal Practice 694 (1938) and 1947 Supplement 178; Simkins, Federal Practice 608 (1938); 28 U.S.C.A. § 225, note 32.

[6] Florini v. Stegner et al., 3 Cir., 1936, 82 F.2d 708. Accord: 10 Cyclopedia of Federal Procedure §§ 4891, 4892 (2d Ed. 1943); 5 Hughes, Federal Practice § 2902 (1931) and 1945 Pocket Part.

[7] The problem confronting the Circuit Court was described on page 847 of 52 F.2d as follows: "This is a motion to dismiss an appeal from a decision of the Supreme Court of the Territory of Hawaii ([Christian v. Waialua Agr. Co.,] 31 Haw. 817) entered May 21, 1931, vacating the decree of the trial court and remanding the cause to the trial court with instructions to permit the amendment of the pleadings and receive additional evidence. The appellee claims

reasoning in determining whether or not the decision of the [District Court[8]] was final. It did not purport on its face to be final and is not in its nature final. It contemplated further proceedings in the lower court, and of course a right of appeal from such orders might be made upon the new hearing. * * *" It follows that the Government's appeal must be dismissed for want of jurisdiction in this Court to hear it at this stage of the matter. It is to be emphasized in so deciding we are not in any way intimating that the appellee has presented facts which entitle him to relief on the merits.

Appeal dismissed for want of jurisdiction.

---

that the judgment of the Supreme Court is not a final decree within the meaning of the statute giving appellate jurisdiction to this court. 28 U.S.C.A. § 225. * * *"

[8] In the opinion the words are "Supreme Court", meaning the Supreme Court of the Territory of Hawaii.