**ADRIAANSE v. UNITED STATES.**

No. 25, Docket 21687.

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1950.

Decided Nov. 9, 1950.

Jacob Rassner, New York City, for libellant-appellant, Robert Klonsky, New York City, on the brief.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., for respondent-appellee, C. John Dirosse, New York City, advocate.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The libellant, a seaman who was employed on the Steamship Leonard L. Romero, sued respondent United States, owner of the vessel, to recover damages for injuries sustained while so employed through the alleged negligence of the respondent. Adriaanse had already brought an action at law to recover for the same injuries under the Jones Act, 46 U.S.C.A. § 688, against Polarus Steamship Company as the general agent of the owner of the vessel. The action was based on the claim that Adriaanse had suffered personal injuries as the result of the negligence of the steamship company, or its

employees. The trial resulted in a verdict by a jury in favor of Polarus Steamship Company to the effect that the defendant was not negligent. The respondent in the case at bar pleaded the decision in the prior action as *res judicata* and the judge dismissed the libel for that reason.

A similar situation arose in the recent case of Bruszewski v. United States, 3 Cir., 181 F.2d 419, in the Court of Appeals for the Third Circuit. It was there held that Bruszewski, a seaman, who had failed to recover against the general operating agent because of inability to prove negligence, was not entitled to relitigate his claim in a suit in admiralty against the United States. Neither in Bruszewski's action nor in the case at bar was there in a strict sense proof of *res judicata,* for in neither case had the United States ever had its day in court and thus mutuality was lacking. Nor, strictly speaking, was there privity in either case. The question is whether those cases fell within the broader ground adverted to by Mr. Justice Lurton in discussing the doctrine of *res judicata* in Bigelow v. Old Dominion Copper Co., 225 U.S. 111, at page 227, 32 S.Ct. 641 at page 642, 56 L.Ed. 1009: He there said:

"It is a principle of general elementary law that the estoppel of a judgment must be mutual. Brooklyn City & N. Railroad Co. v. National Bank, 102 U.S. 14, 26 L. Ed. 61; Keokuk & W. Railroad v. State of Missouri, 152 U.S. 301, 14 S.Ct. 592, 38 L. Ed. 450; Freeman, Judgm. § 159; Greenl. Ev. 13th Ed. § 524. * * * "An apparent exception to this rule of mutuality had been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts when sued by the same plaintiff. See Portland Gold Mining Co. v. Stratton's Independence, 10 Cir., 158 F. 63, where the cases are collected. The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two

suits has been that of principal and agent, master and servant, or indemnitor and indemnitee."·

In Portland Gold Mining Co. v. Stratton's Independence, 158 F. 63, 68, Judge Van Devanter, writing for a Circuit Court of Appeals consisting of himself, Circuit Judge Walter H. Sanborn, and District Judge John F. Philips, said that: " * * * it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the maxim, 'Interest reipublicae ut sit finis litium,' may well be applied."

Judge Hastie, speaking for himself and Judge McLaughlin, in Bruszewski v. United States, 3 Cir., 181 F.2d 419, held that the failure of the seaman to recover against the general operating agent, because of inability to prove negligence on the part of another member of the crew, barred a suit against the United States on the same claim, though he also said that a finding of negligence in the first action would not have been binding on the United States because of lack of privity. His reason apparently was that no unfairness would result from treating the former judgment as an estoppel as against a plaintiff who had already had full opportunity to prove negligence. Judge Good-

rich, on the other hand, while holding that the former judgment created an estoppel, placed his decision on the ground that there was such a relation between the operating ship company and the United States as to justify binding Bruszewski and apparently the United States also.

■ There seems to be no doubt that there are exceptions to the general rule that an estoppel by judgment must be mutual. This is evident from the exceptions referred to in the Restatement of Judgments, Chapter Four. Under Section 99 of that chapter, a judgment in favor of a person charged with commission of a tort or with a breach of contract will bar a subsequent action by the same claimant against another responsible for the conduct of such person, whether or not that other person has a right of indemnity. In the case at bar, a general agent of the United States was charged with the commission of a tort by another member of the crew. The United States would apparently have been liable as principal and would also have been obliged under the General Agency Agreement to indemnify the operating agent against any liability imposed upon it. We hold that under such circumstances the judgment in the first action created an effective estoppel against Adriaanse which would prevent a reconsideration of his claim in the present suit against the United States. We limit our decision to the special circumstances to which we have adverted, and find it unnecessary to extend it to some of the situations in which other courts referred to in Judge Hastie's opinion have recognized an estoppel by judgment.

It is argued that the decision by the Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 414, would result in 'freeing the operating agent from any derivative liability for negligence and thus would render nugatory any judgment recovered in the earlier action. But the issues in the earlier action were validly determined between the parties to it under the law as then interpreted by the trial court. That decision could only have been set aside on a direct appeal, which was not taken. We find no basis for the contention that the United

States can not avail itself of the defensive use of that judgment because it might have been successfully attacked on appeal. As Judge Rifkind said in Brailas v. United States, D.C., 79 F.Supp. 963, 965, such an argument "has more ingenuity than merit. Even if the former judgment were clearly erroneous the bar would nevertheless be effective."

For the above reasons, we hold that the former judgment bound the claimant in the present suit and that the decree dismissing his libel should be affirmed.