### WEILBACHER v. J. H. WINCHESTER & CO., Inc.

No. 215, Docket 22296.

United States Court of Appeals Second Circuit.

Argued April 17, 1952.

Decided June 6, 1952.

---

Hanrahan & Brennan, New York City, William R. Brennan, Jr., New York City, of counsel, for J. H. Winchester & Co., Inc., defendant-appellant.

Robert Emmet Connolley, New York City, for John E. Weilbacher, plaintiff-respondent.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, a merchant seaman, instituted suit under the Jones Act, 46 U.S.C.A. § 688, against J. H. Winchester & Co., Inc. to recover for personal injuries suffered aboard the S. S. William A. Graham while the vessel was being operated by Winchester as general agent of the United States and for maintenance and cure. A jury trial was had on January 12 and 13, 1949, resulting in a verdict in favor of the defendant on the claim for personal injuries but in favor of the plaintiff for maintenance and cure. Each party filed notice of appeal and while the appeal was pending the Supreme Court decided in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, that a general agent operating a vessel for the United States was not liable under the Jones Act for injuries to a crew member. The McAllister decision made it plain that the plaintiff could not succeed in his appeal, and the parties negotiated with the object of settling the case. While the negotiations were in progress, the parties were aware that legislation was before the Congress to grant relief to litigants who had prosecuted their suits against general agents in reliance on Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534. Before the enactment of any legislation a settlement between Weilbacher and Winchester was made whereby the latter agreed ·to pay the plaintiff the amount awarded him by the jury for maintenance and cure and both parties entered into a stipulation for the dismissal of their appeals. An order approving the stipulation was submitted to the district court and signed on September 28, 1949.

The present controversy has arisen because Weilbacher, relying on the Enabling Act, 46 U.S.C.A. § 745, started an action against the United States to recover for personal injuries. That remedial act allowed a seaman to sue the United States if a prior suit against a general agent was dismissed *solely* on the ground that it was brought against an improper party. However, the prior judgment in Weilbacher's case was on the merits and it is clear that the Enabling Act did not afford any relief in that situation. Consequently, the judgment in favor of the general agent would bar the new suit against the United States. Adriaanse v. United States, 2 Cir., 184 F. 2d 968. Anticipating such a result, Weilbacher moved under Rule 60(b), 28 U.S. C.A., in the court below for an order vacating the order of September 28, 1949, dismissing his appeal.[1] This motion was

---

1. Weilbacher hoped that by prosecuting an appeal to this court he would obtain a reversal of the original judgment on the merits or a summary dismissal of his appeal on the basis of Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. Either disposition on appeal presumably would then permit him to sue the United States.

granted and the present appeal is from the order entered thereon.

At the outset we must determine whether the order appealed from is a final order within the purview of Section 1291 of the Judicial Code. 28 U.S.C.A. § 1291. Obviously, the objective of that section is to forestall appellate review when the decision below has but an inconclusive effect on the final outcome of the litigation. This is best illustrated in the example of a motion, also under Rule 60(b), to reopen a default judgment. Thus, the denial of such a motion is a final order, Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242, for by its decision the district court has indicated that no further action will be taken at that level which will change the outcome and unless the order is appealable the controversy is at an end. On the other hand, the granting of the motion is not reviewable, United States v. Agne, 3 Cir., 161 F.2d 331, since the ultimate disposition of the case may not be affected thereby. Here the order was not directed to a correction of the original judgment; the effect of the order was to make it possible for the plaintiff to appeal from that judgment. Likewise, the order was not in any sense a determination of the merits of the original controversy and it is difficult to see how it could be considered as merged in the judgment itself. Actually, the motion to vacate was in the nature of an independent proceeding, for its purpose was not only the reversal of the prior judicial action dismissing the appeals, but also the nullification of the voluntary agreement of the parties not to appeal. The question before the court in vacating the order dismissing the appeals is whether the trial court could disregard a stipulation arising out of a settlement between the parties. This question does not require consideration with the main appeal but involves a quite independent matter. We, therefore, conclude that an order of the sort here involved is of "* * * that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated", Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, and consider it proper to review the order at this time.

It seems plain that all the facts affecting the validity of the district court's action in disregarding the stipulation are before us. The stipulation settling the claims of the parties was made with the advice of the plaintiff's attorney and in order to obtain the immediate payment of the sum awarded for maintenance and cure. As we have already said, the plaintiff was aware that legislative relief in some form was pending. In these circumstances we can see no foundation for allowing him to repudiate his agreement because it finally appeared to him less satisfactory than when he made it. As the Supreme Court said in Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207, when dealing with a somewhat similar situation: "Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, * * *. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."

We find no justification for relieving the plaintiff of his stipulation. Accordingly, the order of the district court vacating the former order dismissing the appeals is

Reversed.

FRANK, Circuit Judge (dissenting).

1. An order like this one for the exclusive purpose of reviving litigation is ordinarily, I think, non-appealable. So courts have held where a motion for a new trial is granted, Hume v. Bowie, 148 U.S. 245, 13 S.Ct. 582, 37 L.Ed. 438, or, under 60(b), where an old judgment is vacated. United States v. Agne, 3 Cir., 161 F.2d 331. There is, of course, one traditional

exception to the non-appealability of such orders, and that is where the lower court had no jurisdiction to grant the order, *i. e.,* where the time limit on a motion for new trial had run. Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013. Cf. Larsen v. Wright & Cobb Lighterage Co., 2 Cir., 167 F.2d 320. Those cases might be applied to permit review of 60(b) orders if challenged on the ground that the judge had no power under that Rule to make them in the first place. So, here, appellant argues that 60(b) does not permit relief after a year from an order (not a judgment) based upon a stipulation inadvertently entered into by one of the parties and subsequently rendered burdensome to that party by a change in the law. My colleagues, however, have skipped over the question of whether the judge here had jurisdiction, under the Rule, to vacate the order, and have apparently decided that we can review his action on the merits, *i. e.,* decide whether or not he correctly exercised his discretion. With this disposition I disagree.

In addition, it seems to me, the appropriate way for defendant to raise the question is by a motion to dismiss plaintiff's appeal, if and whenever he attempts to perfect it after the long lapse of time. Then defendant can urge not only the plaintiff's delay but the alleged invalidity of the order setting aside the stipulation. In the alternative, defendant can wait until the appeal is perfected and urge the invalidity of that order as a ground of affirming the original judgment in defendant's favor. Since at least one of those methods is open to the defendant, I think irrelevant the exception *vis a vis* appeals announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528.

2. Since my colleagues have, mistakenly I think, gone on to dispose of the case on the merits, I feel it well to state my disagreement in this area too. The trial judge found enough equities on plaintiff's side to support a cancellation of the stipulation, and I think his discretion should not be lightly overturned. Plaintiff was a seaman in 1949, who found himself in the unfortunate position of having his lawsuit pulled out from under him by a Supreme Court decision saying he had sued the wrong person. Rather than prosecute a meaningless appeal, he stipulated for dismissal of the appeal from the negligence action in return for immediate payment of his maintenance-and-cure claim. Otherwise he might have to wait several more years to secure this minimum compensation for his medical expenses in a new suit against the United States; perhaps (the record is not clear on this) the statute of limitations had already run on that claim against the United States. It is true that plaintiff may or should have had some general idea that Congress would probably restore some of these rights against the United States by extending the time for suit. But he had no idea when such legislation would come into effect; it was, in fact, a year and a quarter after the McAllister case before the Enabling Act finally passed. That is a long time for a seaman to wait for hospital expenses. Plaintiff had little idea that his action in dismissing the appeal would forfeit his rights in a future action against the United States; he may well have assumed that Congress would wipe the slate clean for all those who had mistakenly sued the shipping companies, and that they would be given a new chance to sue the right party, without reference to the outcome of their suits aginst the shipping companies. He probably could not have foreseen the disqualifying clause in the Enabling Act providing that only those plaintiffs could sue again whose initial suits had been "dismissed *solely* because improperly brought against" an improper party.

It would be different here, too, if defendant stood to lose anything by the cancellation of the stipulation, but it doesn't. Defendant's maintenance-and-cure contribution has been returned to it; the only thing that can happen on appeal is that defendant will be totally exonerated from liability under the McAllister decision. The plaintiff's next moves will be against the United States, not the defendant. I see no injustice, therefore, resulting from the cancellation of the stipulation. See The Hiram, 1 Wheat. 440, 14 U.S. 440, 4 L.Ed. 131; Aronstam v. All-Russian Central Union of Consumer's Societies, 2 Cir., 270

F. 460; Brast v. Winding Gulf Colliery Co., 4 Cir., 94 F.2d 179; Hodgson Oil Refining Co. v. United States, 74 Ct.Cl. 303. All of these cases set aside stipulations entered into under a mistaken impression of the law (roughly analogous to the plaintiff's situation here) when cancellation would prejudice neither party. They emphasized, too, that a district court's exercise of discretion in setting aside such stipulations should rarely be tampered with.